**ZIEBART v. UNITED STATES.**

No. 13191.

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1950.

Hudson Smart, Abilene, Tex., for appellant.

Cavett S. Binion, Asst. U. S. Atty., Ft. Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

PER CURIAM.

Appellant (petitioner below) applied under Sec. 2255, Title 28 U.S.C.A., for the vacation of his sentence. Two grounds for doing so were alleged. One was that he had pleaded guilty pursuant to an agreement with the United States Attorney that he would receive a sentence of not in excess of five years. The second was: that he did not know, and was not advised, that he was entitled to the assistance of counsel; that he, therefore, did not waive such assistance; that in pleading guilty he did not do so intelligently; and that instead of being sentenced to serve five years, as the United States Attorney had agreed he would be if he would plead guilty, he was sentenced to seventeen years in all, five years under each of two indictments, and one year under each of seven, the sentences not to run concurrently.

He further alleged that he had served all of the sentences imposed except five one year sentences, and that these sentences should be vacated because the taking of the pleas and the imposition of the sentences so imposed were in violation of his constitutional rights so as to render the judgment vulnerable to collateral attack.

In support of his petition the record did not negative, it supported her claim that the judgments and sentences complained of were entered as alleged by him without his having been advised of his right to counsel and without his having waived counsel, intelligently or otherwise. Nor was it made to appear therefrom that he had understood the charges against him and intelligently pleaded guilty thereto.

The district judge, without granting a hearing, entered an order denying the motion, and petitioner has appealed.

Section 2255 in terms provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

A careful examination of the record discloses nothing from which it could be determined that the motion and the files and records of the case conclusively show that the petitioner was entitled to no relief. On the contrary, the record before us supports petitioner's contention that serious questions of fact are presented by his motion. A prompt hearing, as provided by the statute, should have been granted thereon and the truth and right of the matters tendered determined.

The order appealed from is reversed and the cause is remanded for further and not inconsistent proceedings.