### ZIEBART v. UNITED STATES.
#### No. 13653.

United States Court of Appeals
Fifth Circuit.
Nov. 30, 1951.

Larry Scarborough, Abilene, Tex., for appellant.

Cavett S. Binion, Asst. U. S. Atty., Ft. Worth, Tex., for appellee.

Before JOSEPH C. HUTCHESON, Chief Judge, and HOLMES, and STRUM, Circuit Judges.

JOSEPH C. HUTCHESON, Chief Judge.

This is appellant's second appearance here seeking relief from an order denying his motion under Section 2255, Title 28 U.S.C.A., for vacation of his sentence.

When he was here before,[1] his appeal was from an order denying his motion without granting a hearing thereon.

Calling attention to the provision of the invoked section which in terms provides:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." we declared not that every applicant was entitled to a hearing no matter what the state of the record, but that

"A careful examination of the record discloses nothing from which it could be determined that the motion and the files and records of the case conclusively show that the petitioner was entitled to no relief. On the contrary, the record before us supports petitioner's contention that serious questions of fact are presented by his motion. A prompt hearing, as provided by the statute, should have been granted thereon and the truth and right of the matters tendered determined.

"The order appealed from is reversed and the cause is remanded for further and not inconsistent proceedings."

On the former appeal the challenged order was entered not upon "files and records of the case conclusively showing that the prisoner was entitled to no relief", but upon the knowledge of the case in the minds of the judge and the officers of the court, and without a hearing.

Unlike the situation on that appeal, the order now challenged was entered after a full hearing conducted in accordance with the directions in our opinion and upon a record which supports the order.

Here, through able and diligent court appointed counsel and upon a brief distinguished as much by its thoroughness and penetration as by the earnestness and sincerity of its advocacy, appellant insists that the judgment must be reversed.

We cannot agree. Putting to one side the fact that neither in his petition nor in his testimony does petitioner make any showing that a retrial will result in a different judgment,[2]—indeed he admits his guilt, we are in no doubt that upon the evidence the judgment was right and that it must be affirmed.

Affirmed.

---

1. Ziebart v. United States, 5 Cir., 185 F. 2d 124, 125.

2. United States v. Moore, 7 Cir., 166 F.2d 102.