## SANDERS v. UNITED STATES.
### No. 14373.

United States Court of Appeals
Fifth Circuit.
June 18, 1953.

Edwin Kennedy Sanders, pro se.

Floyd M. Buford, Asst. U. S. Atty., Jack J. Gautier, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

The appellant, Edwin Kennedy Sanders, appeals from an order made under Section 2255, Title 28 U.S.C. which denied him relief under the following circumstances.

On February 6, 1951, Sanders was charged by an indictment containing three counts for violations of 18 U.S.C. Section 2312. On March 5, 1951, he was arraigned and pleaded guilty to each count and was sentenced to imprisonment for a period of six years.

On June 9, 1952, Sanders moved under Section 2255, supra, to set aside the plea and sentence on the grounds: (1) that he had been adjudged insane by a psychiatrist and a jury at Houston, Texas in April of 1948 and had been committed by a court of competent jurisdiction to the Austin State Hospital, Austin, Texas, from which institution he escaped in June of 1948; (2) that he was legally and mentally insane on March 5, 1951, and was not defended by counsel, and even though the federal probation office at Macon, Georgia, was aware of his mental status he was nevertheless convicted and sentenced to the federal penitentiary without having been

given a sanity hearing; (3) that the sentence orally imposed by the court was inconsistent with the written judgment.

The District Judge, without granting a hearing, entered an order, which is here set out in the marginal note,[1] denying the motion. No appeal was taken from this order. On September 12, Sanders filed another motion under Section 2255 to vacate the sentence on the grounds: (1) that petitioner had been subjected by the sentencing court to four different versions of the sentence that was imposed on March 8, 1951; (2) that on March 8, 1951, at the time he entered his plea of guilty petitioner was legally insane because at that time he had not been released but had escaped from the Austin State Hospital, Austin, Texas, where he had been committed as mentally and legally insane by the County Court of Houston, Texas; that being legally insane he could not competently and intelligently waive the assistance of court appointed counsel or enter a plea and that any confessions and statements obtained from petitioner after his escape from the state hospital are null and void. The District Judge, without granting a hearing summarily entered an order on September 19, 1952, reading as follows:

"The motion submitted in the above and foregoing styled cause, to set aside and vacate the sentence, having been fully considered, and it appearing to the court from his opportunity to see and observe the prisoner prior to his arraignment, to observe his reaction to the questions propounded to him prior to his arraignment, and it further appearing to the Court from the motion and the files and the record in said case conclusively that the prisoner is not entitled to have the sentence heretofore imposed set aside and vacated, the motion for that purpose is, therefore, hereby overruled and denied."

It was from that order that the appeal was taken; we find it necessary to consider only point two.

Section 2255 does not enlarge the class of attacks which may be made upon a judgment of conviction but is limited to matters that may be raised by a collateral attack. "It is only where the judgment was rendered without jurisdiction, the sentence imposed was not author-

1. "The above stated motion to set aside the sentence heretofore imposed in the above styled case having been presented and considered, and it appearing to the Court that the motion and the files and record of the case conclusively show that the applicant is not entitled to the relief he seeks, the motion is overruled and denied.

"This order is predicated upon the Court's opportunity to see, observe and question the movant at the time of the sentence, when he appeared to be entirely sane. At that time, there was no indication of insanity or mental impairment, but, on the contrary, his appearance, conduct, his forthright answers to the questions the Court propounded, as well as his conduct and attitude towards the Probation Officer, his ready, willing and detailed responses made the Probation Officer, all indicated, without doubt, that the defendant, the movant, was very mentally alert. At that time, the Court also had a report before him from the Probation Office of the Western District of Texas, in which it was stated, 'He (meaning the movant) was admitted to the Austin State Hospital on April 15, 1948, and escaped on June 2, 1948. Sanders was examined by the Medical Staff of the hospital on May 28, 1948, and it was the opinion of the majority of the doctors that the subject was "without psychosis—not insane" '."

"The complaint first made by movant and his first motion was predicated upon the fact, as contended by him, that the written sentence was in conflict with the oral pronouncement. Movant contended that he was sentenced to three years on each of the first two counts, and that it was orally announced that the sentences would run concurrently, while the written sentence provided that the sentence of three years each in the first two counts should run consecutively, or a total of six years. As the Court recalls, no motion was made in the first complaint or motion of movant's insanity at the time of the trial or of his inability to fully understand and appreciate what was happening to-wit, that he had been charged with and was being arraigned for the theft and transportation of automobiles."

ized by law, or there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, that a motion to vacate will lie under this section." Hahn v. United States, 10 Cir., 178 F.2d 11, 12; Hurst v. United States, 10 Cir., 177 F.2d 894. Here, the petitioner contends that he could not enter a plea of guilty and could not intelligently waive his constitutional right to be represented by counsel for the reason that he had been adjudicated an insane person by the County Court of Houston, Texas, and had been committed to a hospital for the insane in Texas; that he had not been released from the institution, but had escaped therefrom and it was after his escape that he committed the crimes for which he was indicted. In Von Moltke v. Gillies, 332 U.S. 708, 722–723, 68 S.Ct. 316, 322, 92 L.Ed. 309, the court said:

"It is the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right at every stage of the proceedings.

\*  \*  \*  \*  \*  \*

"We have said: 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

█ Section 2255 in part provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

An examination of the record discloses nothing from which it could be determined that the motion and the files and records of the case conclusively show that the petitioner was entitled to no relief. On the other hand, the record before us supports petitioner's contention that serious questions of fact are presented by his motion. A prompt "hearing"[2] in conformity with Section 2255, should have been granted thereon and the truth and right of the matters tendered determined.

The order appealed from is reversed and the cause is remanded to the District Court for further and not inconsistent proceedings.

Reversed and remanded.

2. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.