Charles KIMBROUGH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15549.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1955.

Charles Kimbrough, for appellant.

J. Robert Sparks, Asst. U. S. Atty., Atlanta, Ga., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

On November 6, 1953, appellant, now an inmate of the United States Penitentiary at Alcatraz Island, California, filed in the United States District Court for the Northern District of Georgia a motion under Section 2255, Title 28 U.S.C., to vacate a sentence imposed upon him therein for an assault upon a fellow inmate of the United States Penitentiary at Atlanta. His brief poses the single question, whether the court below acted in conformity with the invoked section when it denied appellant's motion without holding a hearing with appellant present.

The United States insisting that the record[1] in this case conclusively shows

---

1. The motion and files and record of the case conclusively show the following facts:

While the appellant was serving a sentence in the United States Penitentiary at Atlanta, Georgia, he was, on Feb. 20, 1952, charged by indictment in the Northern District of Georgia with assault with intent to kill with a deadly weapon a fellow inmate, an offense carrying twenty years as the maximum penalty. On March 10, he was arraigned and entered a plea of not guilty under the advice of counsel appointed to represent him. On March 18th, a jury was drawn and the jurors were sworn for the trial of his case. On March 20th, appellant, through his counsel, moved to withdraw his plea of not guilty and entered a plea of guilty to the lesser included offense of assault with a dangerous weapon and was sentenced to a term of three years to run consecutively to the sentence he was then serving.

At that time the following colloquy occurred:

Mr. Barton: "If your Honor please, at this time I would like to withdraw my plea of not guilty as to Charles Kimbrough and enter a lesser plea to guilty of a lesser offense."

Mr. King: "19381, Criminal."

that the motion presented no material issue of fact which, if determined in favor of appellant's contentions, would have supported an order vacating the judgment and sentence, urges upon us that the district judge was right in denying the motion without requiring the presence of appellant at a hearing thereon.

In his motion appellant set forth some sixteen purported grounds for vacating the sentence. In an order dated November 25, 1953, the district judge, carefully considering each of the appellant's alleged grounds and, we think, correctly determining that all of the grounds except five were on their face without merit, directed the appellant to file amendments clarifying these five grounds, and on February 5, 1954, appellant did so.

On November 5, 1954, on the order of the court, movant's oral deposition was taken at Alcatraz Penitentiary, the appellant being represented at the taking by court appointed counsel. Thereafter the court, reviewing all the proceedings in the matter and determining on the basis of the record made at the time the not guilty plea was withdrawn the defendant was arraigned and his plea of guilty to the lesser offense taken, that

The Court: "You understand, there is no objection?"

Mr. King: "No objection, Your Honor, Shall I rearraign him, Your Honor, on this charge?"

The Court: "Yes."

Mr. King: "All right, sir."

Q. "You are Charles Kimbrough?"

A. "Yes, sir."

Q. "You are represented by Mr. Charles Barton, your attorney?"

A. "That's right."

Q. "Mr. Barton, you have received a copy of the indictment in this case?"

A. "Yes, sir."

Mr. Barton: "Yes, sir."

Q. "Charles, you are charged on or about Feb. 15, 1952, in the Atlanta Division, Northern Dist. of Georgia—(reads indictment) Now, I understand you wish to plead guilty to the charge of assault with a dangerous weapon, which is included in this indictment."

A. "Yes, sir."

Mr. King: "The plea is signed, Your Honor."

The Court: "Yes, sir. In this case I have gone into the facts pretty thoroughly with the District Attorney and defense counsel, and I understand this man has I believe four years on his present sentence."

Mr. King: "That is correct."

The Court: "And I am going to give him a sentence of three years to follow his present term."

(Defendant dismissed) (Later in the day the defendant and counsel were recalled to the court room, and the following proceedings were had.)

The Court: "Gentlemen, I had a conference yesterday with the District Attorney and with Kimbrough's counsel, in which it was agreed a plea of guilty would be entered, and this is something the court very seldom does, I even agreed to the amount of the sentence, and I understood that was agreeable to the defendant. I called all the parties back in here for this one purpose, that I should, under the law, have given the defendant an opportunity or his counsel, to make any further statement before sentence was imposed. That was an oversight of the Court. The reason I didn't do so was I understood the matter was agreeable to the defendant, so if there is anything the defendant or his counsel wish to say before I sign the sentence and complete the record, I will give them an opportunity to do so. It was more or less a technical oversight."

Mr. Barton: "As far as I am concerned, Your Honor, I think I discussed the case and the mitigating circumstances, yesterday more fully than I could in open court."

The Court: "I just wanted to ask him, ask Kimbrough, You understood you were entering a plea for a lesser offense and that the court was agreeing to impose on you a sentence of three years, under a lesser offense than the one for which you were charged."

By Mr. Kimbrough: "Yes, Your Honor, I understood it. I think counsel has served his purpose and I have nothing to say."

The Court: "All right, the law required I should give you an opportunity to say something before sentence was imposed and I overlooked doing so, and I wanted the record to be all in legal shape. That's why I asked you to come back."

Mr. Barton: "Thank you, Your Honor."

(Whereupon the hearing was concluded.)

it was conclusively shown that the appellant was not entitled to relief, denied the motion.

Here, invoking the decisions, particularly Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, and United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, holding that where material and disputed issues of fact within movant's knowledge are presented, the motion should not be disposed of without affording him an opportunity to be heard, appellant insists that there were matters alleged by him that required a hearing and the taking of his testimony in open court.

We cannot agree that this is so. This court, in Ziebart v. United States, 185 F.2d 124, before the decision in the Hayman case had come down, and thereafter in Sanders v. United States, 5 Cir., 205 F.2d 399, and other cases including Smith v. United States, 5 Cir., 223 F.2d 750, has without varying, neither shadow of turning, steadfastly proclaimed and as steadfastly given effect to the beneficent purpose of the section under consideration. The purpose of this section, as Chief Justice Vinson's landmark opinion in the Hayman case [2] has carefully pointed out, was to assure that motions of this kind, like petitions for habeas corpus, would not be disposed of (1) without first carefully considering and as carefully determining what material facts, as distinguished from mere conclusions, Cf. U. S. v. Pisciotta, 2 Cir., 199 F.2d 603, 604, were alleged by the movant in support of his collateral attack and (2) without affording movant an opportunity to testify to them if facts dehors the record within his knowledge were alleged and relied on.

An examination of the carefully considered orders of the district judge in this case and a consideration of the record, which shows beyond dispute that the defendant had not only faithful but efficient service of counsel and as a result thereof sought and obtained by his plea a sentence greatly less than he could have been subjected to if convicted on a trial, convinces us that the district judge was right in the action that he took and that his judgment must be affirmed.

It seems quite clear to us on the face of the record made at the time of the sentence and on the sworn testimony of the movant, that what he seeks to accomplish here, after obtaining through the benefit of the advice and assistance of his counsel a reduction of the charge and sentence and after personally in open court affirming and ratifying the action of counsel and court, is to set the judgment aside in the hope and perhaps with the knowledge that time has run on his side and if he can succeed he may escape prosecution altogether.

In Decatur v. Hiatt, 5 Cir., 184 F.2d 719 and Bowen v. United States, 5 Cir., 192 F.2d 515, the first a habeas corpus proceeding, the second a proceeding under Section 2255, we had occasion to deal with situations of this kind, and in both we affirmed the judgment of the court denying the relief sought. In the first case, as here, a petitioner, with the aid and assistance of counsel and without complaining to the judge of threats he later sought to complain of, entered his plea of guilty in preference to trying the case on a plea of not guilty and standing prosecution on another charge which, because of his plea of guilty, was not pressed against him. Having done so, he vainly sought to urge upon the court below and upon us that the complained of threats deprived him of his constitutional rights and opened the judgment to collateral attack on habeas corpus.

---

**2.** "The existence of power to produce the prisoner does not, of course, mean that he should be automatically produced in every Section 2255 proceeding. This is in accord with procedure in habeas corpus actions. Unlike the criminal trial where the guilt of the defendant is in issue and his presence is required by the Sixth Amendment, a proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction. Whether the prisoner should be produced depends upon the issues raised by the particular case." [342 U.S. 205, 72 S.Ct. 274.]

In Bowen's case the effort was, by claiming that the strategy employed by his counsel on the first trial was not soundly based, to obtain another trial with another counsel to be conducted under different strategy and with different tactics. Citing many authorities[3] in point, we there said [192 F.2d 517]:

"After all, while it is of the essence of the constitutional principles which mark and distinguish our system: that trials be conducted according to law; that in short, the government be obliged to control itself; and that when one has been convicted in violation of those principles he should be accorded relief; it is also of the essence: that the government be enabled to control the governed and to that end that judgments have finality; and that trials, conducted in accordance with law and ending in conviction, some day be at an end. Especially is it of the essence of orderly trials that the right to counsel accorded to defendants by the constitution be not regarded, as the argument here would seem to regard it, as a mere one way street such that, if the strategy and tactics of his trial counsel, in determining not to raise constitutional questions, prove unsuccessful, defendant, without appealing from the judgment, may many years later set it aside in order that, on another trial with another counsel, another course raising these questions may be taken, and so on ad infinitum."

██ Written as it was by the Chief Justice who, as presiding officer of the Judicial Conference, was familiar at first hand with the purposes which the Conference sought by Section 2255 to achieve, nothing in Hayman's case at all derogates from what was said in the above cited cases or supports what is sought to be done here. All the charges and allegations which, if true, might have any legal substance, are, we think, in the teeth of the record made on the trial and conclusively disputed thereby, so that without the deposition, the action of the judgment would have been right. If, however, it was necessary to take the testimony of the movant, we think that it was within the competence of the court, instead of requiring the government to bring the movant from Alcatraz to Atlanta, to have his depositions taken; that in taking them every right which the statute intended to afford was fully accorded movant; and that any possible doubt, which but for his testimony might have existed, was completely dispelled thereby.

The judgment was right. It is affirmed.

3. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667; Alred v. U. S., 4 Cir., 177 F.2d 193, 194; Merritt v. Hunter, 10 Cir., 170 F.2d 739; Hudspeth v. McDonald, 10 Cir., 120 F.2d 962.