**R. T. MOTLEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15735.**

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1956.

R. T. Motley, in pro. per.

Robert E. Hauberg, U. S. Atty., Richard T. Watson, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

On December 18, 1952, appellant, petitioner below, waived indictment and pleaded guilty to an information in one count charging him and two others, Sylvester and Nora Goodwin, with bank robbery by force and violence and with putting in jeopardy the life of the assistant cashier by the use and means of dangerous weapons, a rifle and a revolver, all in violation of Sec. 2113, Title 18 U.S.C., and was sentenced to twenty-five years penal servitude, the maximum penalty fixed in the statute.

On June 24, 1955, he filed in the sentencing court a 28 U.S.C. § 2255 petition for the vacation of his sentence in which, among other grounds, he alleged: (1) that his court appointed counsel was not competent; (2) that his attorney and the United States Attorney induced him to plead guilty; and (3) that the trial judge did not determine whether the plea was entered voluntarily and understandingly.

On July 5th, Mr. Hauberg, then an assistant, now United States Attorney, filed an affidavit denying petitioner's allegations and affirmatively alleging: that the district judge appointed a competent attorney for petitioner who conferred with and advised petitioner as to his plea; that the trial judge explained fully petitioner's rights; and that on arraignment he voluntarily and understandingly entered a plea of guilty. The affidavit also stated that no inducements were made by the United States Attorney or anyone else to induce petitioner to plead guilty, and that petitioner signed a statement in which he admitted the commission of the crime.

The district judge did not bring the prisoner before him for a hearing, nor did he afford him an opportunity to be heard in person or otherwise, but, acting upon the transcript of the proceedings [1] had and taken on December 18, 1952, supplemented by the affidavit of the

1. These show: (1) that, advised of their right to have a lawyer, the Goodwins declined such assistance and, acting for themselves, entered a plea of guilty; (2) that Motley requested the assistance of counsel, and a Mr. Bowling was appointed to represent him and did confer with him; (3) that, asked by the court if he had anything to say, Sylvester Goodwin stated, "Well, Sir, Your Honor, I hope the court will have mercy on my brother and R. T. Motley. So far as myself, I don't ask that. Both of them are hard working boys and they were led into that by me"; (4) that Mr. Bowling, the court appointed counsel for Motley then being asked, "Are you ready to proceed?", stated, "I would like to have a short conference with Mr. Hauberg," whereupon Mr. Hauberg and Mr. Bowling went into conference, and, to the court's question, "Mr. Bowling, have you conferred with your client", Bowling answered, "Yes, sir"; (5) that after the court had consulted with the petitioner and he had agreed to waive indictment as the others had done to the information, to the question, "How do you plead", Motley answered, "Guilty"; (6) that upon being asked by the court whether he wished to make a statement before sentence was imposed, Mr. Bowling stated for him that he had never been in trouble before and had no record, whereas the other boys had. "We would like to plead leniency because this boy was led into it. I talked to him for some time and while he came down here with them, I don't believe he had any intention of committing a crime when he started out that day." He asked the court to be more lenient with him than with the others because "I sincerely believe he was led into it by one who had a long criminal record"; (7) that the district attorney then advising the court that Motley's part in the occurrence was to drive the automobile, that he remained outside the bank while the others were inside it, and that he received a part of the money taken, the court, stating "All of you are equally guilty of this serious crime which could very easily have led to murder right there in the bank. All of you are equally

United States Attorney, sentenced him to the maximum penalty provided by law.

■ This court has uniformly held,[2] as has the Supreme Court,[3] that where material and disputed issues of fact within movant's knowledge are presented, the motion should not be disposed of without an adequate hearing. Applying that rule to the facts of this case, we think it clear that it was error for the district judge to dispose of appellant's petition without a hearing on the issue tendered in his petition and supported in his traverse,[4] that he was induced upon the promise of leniency to enter his plea.

■ While it is true that in his affidavit the United States Attorney denied petitioner's allegation, it is also true that no opportunity was afforded petitioner to testify or present witnesses in his behalf. What was said in Commonwealth ex rel. Herman v. Claudy, supra, "Under the allegations here petitioner is entitled to relief if he can prove his charges. He cannot be denied a hearing merely because the allegations of his petition were contradicted by the prosecuting officers" is apt and has peculiar force here.

The judgment is reversed and the cause is remanded with directions to afford petitioner a hearing and for further and not inconsistent proceedings.

---

guilty, and I am going to impose the same sentence on all of you, the maximum penalty of twenty-five years for robbery with firearms."

2. Ziebart v. U. S., 5 Cir., 185 F.2d 124; Sanders v. U. S., 5 Cir., 205 F.2d 399; Smith v. U. S., 5 Cir., 223 F.2d 750; Kimbrough v. U. S., 5 Cir., 226 F.2d 485.

3. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; U. S. v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Commonwealth ex rel. Herman v. Claudy, 76 S.Ct. 223, 227.

4. In it petitioner alleged: "Petitioner's court appointed attorney retired from the court room to privately confer with petitioner, whereby petitioner told him all about the crime and petitioner's connection with it. Afterwards petitioner's court appointed attorney returned to the court room to privately confer with the United States Attorney. On his return to Petitioner, here are the correct words he said, 'If you enter a plea of guilty you will receive a lesser term than going before a grand jury. If you wait for a grand jury you will have to wait until the next term of court.' This court will readily agree that that is sufficient inducement."