Abraham John HINTON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15859.

United States Court of Appeals Fifth Circuit.

May 8, 1956.

Kenneth Koman Simon, Kansas City, Mo., for appellant.

William M. Steger, U. S. Atty., Harlon E. Martin, Asst. U. S. Atty., Tyler, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

The basic question before us on this appeal is whether the appellant, Abraham John Hinton, prior to his arraignment and convictions on pleas of guilty to charges of narcotics violations, was adequately informed of his constitutional right to counsel so that his waiver of this right was competently and intelligently made.[1] Based on alleged denial of his constitutional rights in this and other similar respects, Hinton made a motion under 28 U.S.C.A. § 2255 to vacate and set aside the sentences imposed by the Court below and to grant a new trial. From a memorandum decision by the District Court, embodying findings of fact and conclusions of law, denying the motion, this appeal was taken.

On November 22, 1955 an eight-count indictment charging purchases, sales and concealments of various narcotic drugs in violation of law[2] was returned in the Tyler Division of the Eastern District of Texas. On the same day, a six-count indictment charging similar violations was returned in the Beaumont Division. On motion of the appellant's attorney and by ratification of the appellant at the arraignment, the case from the Beaumont Division was transferred to the Tyler Division for disposition there.[3]

On October 8, 1954 Hinton appeared before the Court for trial. At this time he was informed that his attorney desired to withdraw and Hinton stated that he had no objection to this. Thereafter, but before being arraigned in the Tyler case, Hinton was informed by the Court of his right to counsel and that, if he was not financially able to employ a lawyer for his defense, the Court would assign counsel to represent him if he so desired. Appellant replied that he did not want a lawyer.[4] The Court also stated that the same right was appellant's with regard to the Beaumont case, but Hinton replied: "I don't need an attorney."

Thereupon, the charges of the two indictments were read to appellant and he entered his pleas. The Court accepted pleas of guilty on three counts of the

1. See Rule 44, Federal Rules of Criminal Procedure, 18 U.S.C.A.; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; and Sanders v. United States, 5 Cir., 1953, 205 F.2d 399.

2. 26 U.S.C.A. §§ 2553(a), 2557 (I.R.C. 1939), and 21 U.S.C.A. § 174.

3. Another criminal case against Hinton based on a two-count indictment, in the ·Texarkana Division, was likewise transferred in the same manner; but, since Hinton pleaded not guilty to the charges contained in that indictment and there was· no further action thereon, it is not involved in this appeal.

4. The following excerpt from the record represents the Court's inquiry in this respect:

"The Court: Now, you understand that when a person, under the law is charged with a crime that you are charged with here, and if he is not financially able to employ a lawyer, and if a person wants one, The Court will appoint one for him; you understand that, that is a right you have?

"Hinton: Yes, sir.

"The Court: Now, with that understanding you do not think you need a lawyer?

"Hinton: I don't think a lawyer would do any good.

"The Court: Well, the question is, you don't want one?

"Hinton: No, sir."

Tyler indictment and on two counts of the Beaumont indictment. The remaining counts of both indictments were dismissed on motion of the Government.

Following arraignment, the Government filed an identical information in each case apprising the Court of prior convictions of Hinton on violation of the Harrison Narcotics Act, 26 U.S.C.A. §§ 2553 and 2557 (I.R.C.1939). The informations were for the purpose of invoking the mandatory increased penalty provisions of 26 U.S.C.A. § 2557(b) for subsequent narcotics violations. In the Tyler case appellant admitted his identity as defendant in those prior convictions. However, in the Beaumont case appellant was not called upon to, nor did he, admit or deny his identity as to the convictions set out in that information. Instead, the Court stated: "Well, he has already admitted that he is the same one and the same person as the defendant in those cases. * * * "

■■ The appellant takes the position that the Court did not adequately inform him of his right to counsel and that his waiver of this right was void for not being intelligently made with "apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof." Von Moltke v. Gillies, supra, 332 U.S. at page 724, 68 S.Ct. at page 323. This contention is unfounded.

An intelligent and competent waiver rests not solely upon the statements made by the Court, but upon the actual facts and circumstances present in each case, "including the background, experience, and conduct of the accused".[5] The evidence, as brought out at the hearing on appellant's motion to have the verdict set aside, shows clearly that he was, at the time he waived his right to counsel, fully aware of the nature of the offenses charged against him, the range of al-

lowable punishment and the effect of his prior conviction under Section 2557(b) of Title 26 U.S.C.A. Hinton was not new to the criminal court; he testified that he had twice appeared and been convicted in the same trial court for narcotics violations and that he had previously been convicted of burglary and grand larceny in Arkansas and for violations of state liquor laws in Texas.

An experienced lawyer had initially taken on the defense of Hinton in the Beaumont and Tyler cases, but was released by the Court at his request before arraignment. This lawyer testified that he had discussed with Hinton the nature of the charges against him and the possible defenses with relation to all three of the cases then pending against him. Furthermore, the evidence clearly discloses that, long before his arraignment, the mandatory penalty provisions were discussed with and explained to the appellant by this attorney, the United States Attorney and a federal narcotics agent. The federal narcotics agent had, on two occasions, discussed with the appellant the narcotics laws and the penalty provisions applicable. In addition, he had told appellant that, if he wanted an attorney to represent him but could not afford it, the Court would appoint counsel to act in his behalf.

Under these facts and circumstances it becomes apparent that the appellant was fully and adequately aware of his position and his rights and made an intelligent waiver of the right to counsel.

■ Likewise, we find no merit in Hinton's contention that his sentence in the Beaumont case is void by reason of the fact that, in that case, he was not called upon to, nor did he, admit or deny his identity with regard to the prior conviction contained in the information. It is unnecessary to consider whether, by a motion under Section 2255 of Title 28 U.S.C.A., appellant may attack the validity of the sentence in the Beaumont case at a time when he is not serving under it

5. Johnson v. Zerbst, supra, 304 U.S. at page 464, 58 S.Ct. at page 1023. And see Adams v. United States, supra, 317 U.S. at page 279, 63 S.Ct. at page 241.

but is serving the sentence in the Tyler case. The arraignments and convictions were had simultaneously and it was not essential for Hinton, after having admitted his identity on the information filed in the Tyler case, once again to make identification. Such formality would have been meaningless and time-consuming. The single identification was properly used by the Court in pronouncing sentences in both cases.

Finding no error in the judgment denying the relief sought by the statutory motion, it is

Affirmed.