Cleo GREGORY, Appellant,

v.

UNITED STATES of America, Appellee.
No. 15232.

United States Court of Appeals
Fifth Circuit.
May 25, 1956.

See also 219 F.2d 809; 350 U.S. 808, 76 S.Ct. 89.

Cleo Gregory in pro. per.

James W. Dorsey, U. S. Atty., J. Robert Sparks, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

PER CURIAM.

This appeal is from an order denying, without a hearing, petitioner's motion

under Section 2255, Title 28 U.S.C. to vacate and set aside his conviction of murder in the second degree and his sentence to life imprisonment. Invoking the provision of the section:

"* * * Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto * * *."

and the decisions of this court,[2] appellant insists: that his motion contained categorical allegations which, if true, entitle him to the relief asked, and that he should have been given an opportunity to be heard upon, and to testify to, their truth.

The United States, in a thorough and workmanlike brief, citing many cases[3] and fully canvassing, in the light of the motion and files and records of the case and the opinion of the district judge denying the motion, petitioner's claim that he should have been afforded a hearing, urges upon us that there is no basis for this claim and that the order appealed from should be affirmed.

We are greatly impressed with the consistency and logic of appellee's presentation of the facts and law, and with the reasons given by the district judge for denying the motion without a hearing. Nevertheless, under the language of the statute and the authorities construing and applying it, and particularly because of the gravity of the offense charged and the punishment imposed, we are constrained to hold that he erred. This was not a case in which the district judge should proceed to a determination of the motion without granting a hearing at which applicant could testify and offer testimony and confront those who testified against him.

The judgment is reversed and the cause is remanded with directions to grant petitioner a hearing and to proceed further and not inconsistently herewith.

---

2. Kimbrough v. United States, 5 Cir., 226 F.2d 485; Ziebart v. United States, 5 Cir., 185 F.2d 124; Sanders v. United States, 5 Cir., 205 F.2d 399; and Smith v. United States, 5 Cir., 223 F.2d 750. Cf. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

3. Bowen v. United States, 5 Cir., 192 F. 2d 515; Voltz v. United States, 5 Cir., 196 F.2d 298; United States v. Pisciotta, 2 Cir., 199 F.2d 603; Garcia v. United States, 9 Cir., 197 F.2d 687.