**Francis J. PARKS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15911.**

United States Court of Appeals
Fifth Circuit.

May 18, 1956.

Rehearing Denied June 30, 1956.

Francis J. Parks, in pro. per.

Jack C. Benjamin, Asst. U. S. Atty., George R. Blue, U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

PER CURIAM.

This appeal is from an order denying without a hearing petitioner's motion under Section 2255, Title 28 U.S.C. for correction of his sentence as a multiple offender. Invoking the provision of the section:

"* * * Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *"

and the decisions of this court,[1] appellant insists: that his categorical allegations of fact, that the information showing him to be a former offender was not filed prior to pronouncement of the sentence and that he was not given an opportunity to affirm or deny his identity with the person previously convicted, were not refuted by the record; and that he is entitled to a hearing. In further support of these allegations, he points to his alle-

---

1. Kimbrough v. United States, 5 Cir., 226 F.2d 485; Ziebart v. U. S., 5 Cir., 185 F.2d 124; Sanders v. United States, 5 Cir., 205 F.2d 399; and Smith v. United States, 5 Cir., 223 F.2d 750.

gation, and the admission in the record, that there was not on file any reporter's transcript or minute entry of the proceedings on the day of the sentence.

The district judge, in an opinion denying the motion, while agreeing with the petitioner that the transcript of the proceedings in the case do not include the proceedings had at the time of the sentence, expressed the opinion:

"* * * it is abundantly clear from the record that the defendant's contentions are utterly without merit. * * * Furthermore, in no instance has this court imposed a sentence in the case of a multiple offender without first arraigning the defendant on proper information already filed."

In view of the loss of the trial record, we think, with due deference to the view of the learned trial judge, that under the language of the statute and the authorities construing and applying it, this was not a case in which the district judge could proceed to a determination without granting a hearing and affording the applicant an opportunity to prove the facts alleged.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.