**Robert Louis PORTER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18917.**

United States Court of Appeals Fifth Circuit.

Jan. 12, 1962.

Rehearing Denied March 14, 1962.

---

Charles W. Tessmer, Dallas, Tex., for appellant.

Robert S. Travis, Asst. U. S. Atty., W. B. West, III, U. S. Atty., Fort Worth, Tex., for appellee.

Before BROWN, WISDOM and BELL, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This is an appeal from a summary dismissal of a § 2255 petition for post-conviction relief from a 20-year sentence for violation of the narcotics laws by the sale of marihuana, 26 U.S.C.A. § 4742(a).

The sentencing court dismissed it outright without any hearing on the ground that it appeared that the petitioner's contentions "are frivolous and without merit, not in good faith, and state no valid ground upon which the relief sought might be granted." Presumably the Court meant this as a paraphrase of the statute that " * * * the files and records of the case conclusively show that [petitioner] is entitled to no relief * * *," 28 U.S.C.A. § 2255. The energetic efforts of Court-appointed counsel who had aided this Court by a brief, reply brief, and supplemental brief of the highest professional quality followed by oral arguments of like caliber, demonstrates to us just as conclusively that this was a case demanding a hearing. We accordingly reverse. As our reasoning requires that we discuss some phases of what might be brought out on a hearing, we would sound a special caveat: there are no prejudgments of the case and nothing said or unsaid, expressed or implied, is to be taken as a holding, or even an intimation, that upon such a hearing any particular action should or should not be taken. We order a hearing. What such a hearing compels is to be determined in the first instance by the District Court on that hearing. The propriety of any such order is for another day.

On the trial of the case leading to his conviction by a jury verdict of guilty, petitioner's main defense was that of entrapment. This bears heavily on the matters set forth in the § 2255 motion for without all of the refinements which that concept unavoidably involves, the question is whether the accused did the act or whether police-enforcement officers got him to do the act.

In his § 2255 motion, elaborated on in his annexed affidavit, petitioner made these serious charges. He asserted that he did not have effective representation of counsel and because of this, evidence, vital and helpful to his defense, was withheld from the jury. The combination of these was such as to deprive him of the constitutionally guaranteed fair trial. These charges did not stand in mere

broad conclusory terms. The operative facts were as detailed as the charges were emphatic. He set forth facts showing that on the trial of the criminal case, he was represented by counsel of his own choice whom we will call Mr. Barrister. But unknown to petitioner, Barrister was at that very time also the attorney for Glass, an officer on the Fort Worth Police Department assigned to duty on narcotics cases. At the very time of the criminal trial, Glass was the respondent in a Police Department proceeding concerning alleged improper use, handling, or disposition of narcotics by that officer. And subsequently, so petitioner stated, Glass was removed from the Police Force because of his illegal narcotic activities.

Demonstrating that the attack was not the sterile one of a defendant claiming that his lawyer could not give unfettered loyalty to his interests merely because he represented other people, good or bad, the motion went on to connect Glass up with petitioner's case. In the plainest of words petitioner reviewed in great detail Glass' conduct toward him. These included specific alleged incidents of Glass undertaking to extort money from petitioner by threats of baseless criminal charges; an approach by Glass in petitioner's home, subsequent to the marihuana indictment but prior to trial, suggesting that if $500 was paid, Glass could persuade Meeks, the Government informer, not to testify. Moreover, petitioner, so he asserted, told Barrister about this and requested that Glass be called as a witness. Despite this, no effort was made by the attorney to bring this out or to call Glass on the trial.

■ In addition to these positive allegations of sufficiently detailed facts, the record of testimony of the criminal trial (which is properly available to trial and appellate courts in testing a § 2255 proceeding) demonstrated that Glass, though not called as a witness by either prosecution or defense, was a moving figure in the case against petitioner. The case as to each "buy" was "made" by Meeks, euphemistically referred to as a special employee, although ordinarily described as an informer. Gilmore v. United States, 5 Cir., 1958, 256 F.2d 565. The principal Federal Narcotics Agent, Gabrys, acknowledged that the initial contact with Meeks was through Glass who "arranged the introduction between [the Agent] and Meeks." Again, when petitioner's home was searched the Federal Agent and Glass supervised the search. Similarly, Police Officer Hardin acknowledged that Glass was in on the initial conversations among the Agents and the Officers. Questioned concerning the dropping of charges against Meeks, the informer, Officer Hardin stated that the discussions with Meeks were by Glass who had earlier introduced the Agents to Meeks, the prospective informer-witness. Hardin's description of the search of petitioner's home also named Gabrys and Glass.

The story told by these accumulated court papers is this bold and startling one. A lawyer, undertaking to represent an accused, finds that the best weapon to establish entrapment is to implicate another. Unfortunately, he cannot implicate such person because that person is also a client. Stated in these terms, it does not really matter whether Glass was, or was not, called as a witness, or whether, for that matter, as one analogous to a hostile witness in civil proceedings, he could have been called. Nor is it important that Glass, if called, may not have testified to things establishing petitioner's innocence. Cf. Weaver v. United States, 8 Cir., 1959, 263 F.2d 577, 579, cert. denied, 359 U.S. 1014, 79 S.Ct. 1154, 3 L.Ed.2d 1038.

■ What was involved was the more basic thing. The Constitution assures a defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed. Such representation is lacking, however, if counsel, unknown to the accused and without his knowledgeable assent, is in a duplicitous position where his full talents—as a vigorous advocate having the single aim of acquittal by all means fair and honorable—are hobbled or fettered or restrained by commitments to others.

Glasser v. United States, 1942, 315 U.S. 60, 75, 62 S.Ct. 457, 86 L.Ed. 680; Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed. 2d 593; MacKenna v. Ellis, 5 Cir., 1960, 280 F.2d 592, affirmed on rehearing en banc, 289 F.2d 928; Birchfield v. United States, 5 Cir., 1961, 296 F.2d 120 [No. 18892, Nov. 17, 1961], Lott v. United States, 5 Cir., 1955, 218 F.2d 675; Craig v. United States, 6 Cir., 1954, 217 F.2d 355, 358, 359; Tucker v. United States, 9 Cir., 1956, 235 F.2d 238; United States v. Harris, S.D.Calif.1957, 155 F.Supp. 17; Berry v. Gray, W.D.Ky., 1957, 155 F. Supp. 494; Johns v. Smyth, E.D.Va., 1959, 176 F.Supp. 949.

Of course such things as this should never happen, and the place to stop it is the professional conscience of the advocate involved. A Court may not countenance it and must, on the contrary, take effective action just as we are certain the careful Judge below would have done had the facts been known at or before the commencement of the criminal trial. But where this has been allowed to occur, either through a calloused conscience of the attorney, or ignorance of the true facts by the Judge, the trial is not the fair one demanded by the Constitution. And this is so without regard to the presence or absence of any action of a strictly governmental nature which can be ascribed to the prosecution as the transgressing agency or imputed to the trial court on traditional notions of error on the Judge's part.

■ The charges made in the § 2255 motion were both serious and legally significant. Could the Judge reject them without a hearing? The answer to that is found in the words of the statute and the uniform decisions of this Court. The statute prescribes that "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *," the Court after notice shall hold "a prompt hearing thereon" and "determine the issues

* * * of fact * * *." 28 U.S.C.A. § 2255.

Here no controversion of any kind was filed by the Government. The record— encompassing everything which the statute describes as the "files and records of the case"—simply did not touch one way or the other upon these charges made for the first time in the § 2255 papers. The Court, thus, had no means by which to say that the records conclusively showed such facts to be untrue. And we are certain that the Judge did not mean to imply that apart from the court records he knew them to be untrue. What the Judge did was somehow to reverse the demands of the statute which requires a hearing *unless*, to declare in effect that a hearing would *not* be held *unless*. He was perhaps led into this erroneous view by a failure to distinguish carefully between the new and serious matters asserted in the § 2255 motion and those previously urged and rejected by the same Judge in denying bail on the appeal from the original conviction and by this Court in dismissing that appeal as frivolous. Porter v. United States, 5 Cir., 1959, 272 F.2d 695.

Whether these serious assertions are or are not true, no one yet knows. But since the record does not demonstrate *conclusively* that they are not so, the trial Court, as we have many times held, was obligated to hold a hearing to ascertain the truth of these charges set forth with adequate factual particularity. Because this fundamental principle seems so often to be overlooked by busy, conscientious trial Judges as they do their level best to make sense out of so many of these informal, sometimes illegible, prisoner-composed papers, we set out this list of cases, in addition to others in this opinion, of the past decade. Callahan v. United States, 5 Cir., 1961, 297 F.2d 79 [No. 19015, Dec. 13, 1961]; Corbett v. United States, 5 Cir., 1961, 296 F.2d 131 [No. 18939, Nov. 29, 1961]; Alexander v. United States, 5 Cir., 1961, 290 F.2d 252; Meadows v. United States, 5 Cir., 1960, 282 F.2d 942, 943; Brown v. United States, 5 Cir., 1959, 267 F.2d 42;

Steinberg v. United States, 5 Cir., 1958, 256 F.2d 143; Kennedy v. United States, 5 Cir., 1957, 249 F.2d 257; Gregori v. United States, 5 Cir., 1957, 243 F.2d 48; Parks v. United States, 5 Cir., 1956, 233 F.2d 321; Motley v. United States, 5 Cir., 1956, 230 F.2d 110; Williams v. United States, 5 Cir., 1955, 227 F.2d 48; Smith v. United States, 5 Cir., 1955, 223 F.2d 750; Sanders v. United States, 5 Cir., 1953, 205 F.2d 399; Ziebart v. United States, 5 Cir., 1950, 185 F.2d 124; James v. United States, 5 Cir., 1949, 175 F.2d 769.

It follows, therefore, that the cause must be remanded for a hearing and judicial determination of these charges involving knowledge and actions of petitioner, Glass, Barrister and perhaps others. Without undertaking to bluprint the hearing, it is obviously one which reasonably requires the presence of petitioner.

Reversed and remanded.