Joseph **BONACCI**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 88–C–0327S.

United States District Court,
D. Utah,
Central Division.

April 21, 1988.

Joseph Bonacci, pro se.

Brent D. Ward, U.S. Atty., Salt Lake City, Utah, for respondent.

Ronald P. Williams, John C. Nettels, Jr., Morrison, Hecker, Curtis, Kuder & Parrish, Witchita, Kan., J. Scott Hamilton, Bloomfield, Colo., Virginia C. Love, Caldwell, Heggie and Helton, Chattanooga, Tenn., for defendants.

## RULING

SAM, District Judge.

This matter is before the court on defendant Bonacci's "motion to annul and vacate illegal sentence, motion to amend investigative report and motion to vacate illegal sentence and to correct the presentence report pursuant to 28 U.S.C. § 2255." The motions are essentially a § 2255 challenge to the propriety of the sentence and a challenge to the accuracy of the presentence report; therefore, the court will confine its examination to these issues.

The Government argues Bonacci's motions should be denied as successive under § 2255, which provides in relevant part: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." In *Sanders v. United States,* the Supreme Court set out three criteria for determining whether a petition is successive:

> (1) The same ground presented in the subsequent application was determined adversely to the applicant on prior applications; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent applications.

373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). Bonacci bears the burden to show "that although the ground of the new application was determined against

him on the merits on a prior application,[*] the ends of justice would be served by a redetermination of the ground." *Id.* 373 U.S. at 17, 83 S.Ct. at 1078 (footnote added). Review of the Bonacci's petitions for post-sentence relief shows the present motions are successive.

### I. *The propriety of the sentence*

■ Pursuant to a plea agreement signed by Bonacci, the court sentenced him to ten years in prison and a ten-year special parole term. The court's August 28, 1986 denial of Rule 35 motions brought by Bonacci and certain co-defendants is supported by specific findings on the merits as required under § 2255. Here, Bonacci sets forth no new facts or legal theory to persuade the court those findings should be altered; consequently, he fails his burden to show the ends of justice would be served by reaching the merits of this subsequent application.

■ Even if it were to reach the merits of this application, the court would agree with the government that Bonacci's contentions appear to be based on his erroneous belief the sentence should have been controlled by the Comprehensive Crime Control Act of 1984 (the Act). Under Supreme Court guidelines, the propriety of a sentence must be determined by the statutory scheme in effect on the date the crime was committed. *See Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Bonacci committed the crime underlying his sentence on July 30, 1983, over a year before the Act became effective in October, 1984; therefore, the Act does not apply. The statute under which Bonacci was sentenced, pre-amendment 21 U.S.C. § 841, allows up to 15 years in prison, a fine of $25,000 and a special parole term. Clearly, Bonacci's sentence of ten years in prison and a ten-year special parole term is authorized by the pre-amendment provisions of

§ 841. The court therefore concludes Bonacci's present contentions are meritless, and his motion to vacate illegal sentence should be denied.

### II. *The accuracy of the presentence report*

■ Bonacci requests the presentence report be corrected by deletion of information that he had full knowledge of Mike Hurren's cocaine activities; was fully culpable; was a key figure in the conspiracy; was Mike Hurren's major customer; and purchased, beginning in 1982, an estimated 20 kilograms of cocaine. Bonacci initially agreed the presentence report is accurate, but reserved the right to object later.

On August 13, 1986, Bonacci filed a Rule 32 motion requesting the presentence report be corrected in essentially the same manner presently requested. The court denied the previous motion on its merits, stating,

> The court's agrees with the government's position that the quantity of cocaine personally distributed by each defendant who pled guilty to the conspiracy charge is largely irrelevant to the determination of his or her sentence. Of most concern to the court is the scope of the conspiracy and the individual's role in the illegal scheme. Based upon the information before the court, the court finds that the conspiracy was widespread and that the government's estimate of fifty (50) kilograms of cocaine involved in the total conspiracy is reasonable.

Ruling of August 28, 1986 at 1–2. Bonacci asserts the presentence report should be confined to information regarding one of the counts to which he plead: possession of 1 lb. 2 grams of cocaine with intent to distribute. Apparently, Bonacci overlooks the fact that he also plead guilty to one count of conspiracy, 21 U.S.C. § 846, and

---

[*] The *Sanders* Court ruled that grounds may be considered previously adjudicated on their merits without having been the subject of an evidentiary hearing, if the petition was denied "on the basis that the files and records conclusively resolved the issues." *Id.* 373 U.S. at 16, 83 S.Ct. at 1077; *see Motley v. United States*, 230 F.2d 110 (5th Cir.1956); *Hallowell v. United States*,

197 F.2d 926 (5th Cir.1952). This court entered its findings and conclusions on the prior application after examining carefully the submitted documents and memoranda, and determining the files and records conclusively resolved the issues. Therefore, Bonacci's argument related to the need for an evidentiary hearing is meritless.

therefore the quantity of cocaine involved in the total conspiracy is relevant presentence information.

█ Regarding, Bonacci's objection to his being characterized a key figure in the conspiracy, the court notes this is the sort of statement which, if completely unfounded, would give rise to immediate objection and request for hearing. Because Bonacci did not object to the characterization until some months after the sentencing, and now offers no countervailing evidence, the court considers the present objection untimely and unwarranted. Moreover, the court finds no impropriety or lack of thoroughness in the investigative report upon which Bonacci's presentence report is based. Nor does the court find any reason to question the credibility of the FBI informant who was instrumental in identifying conspiracy members and detailing their level of involvement.

Where Bonacci does not offer new facts (not mere allegations) to show error in the finding on the quantity of cocaine or in the presentence information that he was a key figure, the court finds he has not demonstrated the ends of justice would be served by reaching the merits of this application.

Accordingly, Bonacci's motion to vacate illegal sentence and motion to correct the presentence report are denied as successive.