**UNITED STATES of America, Appellee,**

v.

**Jeffrey BUJESE, Appellant.**

**No. 378, Docket 30574.**

United States Court of Appeals Second Circuit.

Argued March 22, 1967.

Decided June 7, 1967.

Phylis Skloot Bamberger, New York City. (Anthony F. Marra, New York City, on the brief), for appellant.

Frederick F. Greenman, Jr., Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, and Michael W. Mitchell, Asst. U. S. Atty., on the brief), for appellee.

Befort MOORE and HAYS, Circuit Judges, and ZAVATT,* District Judge.

PER CURIAM:

Appellant appeals from a judgment convicting him of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and of conspiring to rob a bank in violation of 18 U.S.C. § 371. On this appeal, appellant (1) attacks the propriety of the trial court's instructions to the jury with respect to a co-defendant's confession implicating appellant, (2) alleges error in the admission of a certain rifle into evidence, (3) claims that the trial court's charge to the jury on conspiracy was erroneous, and (4) asserts that the trial court unwarrantedly commented to the jury on the interest or lack thereof the various witnesses had in the outcome of the case.

At the trial, appellant's co-defendant Hutchins pleaded not guilty and took the stand. After denying on direct examination having committed the robbery, he confessed to the crime on cross-examination before the jury after the government had confronted him with his previously signed confession. The signed confession, introduced into evidence, implicated appellant.[1] At several points thereafter, the trial court instructed the jury that Hutchins' confession implicating appellant was "not binding" on appellant. In two instances, including the charge to the jury,[2] the judge told the jury that the confession was not to be used "as against" appellant.

Appellant now argues, in spite of the fact that the above instructions were given in almost precisely the language requested by appellant's trial counsel (different from his appellate counsel), that the instructions failed to meet the Supreme Court's test that a jury must be *clearly* directed that a confession is to be used in determining the guilt of the confessor only and not a co-defendant. See Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed. 2d 278 (1957). We reject this contention for two reasons: (1) the trial court's instructions on the whole were quite clear, and (2) appellant failed to object to the court's phraseology below. Certainly there was no "plain error" requiring reversal in the absence of an objection.

---

* Of the Eastern District of New York, sitting by designation.

1. After Hutchins' confession in open court, appellant called him as a witness for the defense, whereupon Hutchins testified that the statement in his signed confession implicating appellant was wrong and that, in fact, appellant had refused to participate in the robbery. There was substantial evidence against appellant, however, to support the jury's verdict.

2. The charge included the following:
"Under no circumstances is [the signed confession of Hutchins] to be considered as against [appellant].

"You see, the reason it is admissible against Hutchins is because it is an admission against interest. Admissions against interest are always allowable in law as against the party who makes it.

"As against [appellant], however, it would be pure, rank hearsay, and I think we all know, even non-lawyers, that hearsay is not allowable against you. You must have competent evidence.

"The statement of Hutchins against [appellant] is hearsay. It is not binding on him in any event."

A rifle found in appellant's car was introduced below but was never connected to the bank robbery. The trial court told the jury that the exhibit might be considered in connection with the conspiracy charge, but that he could not see that it should be given "any particular weight." The contention that the introduction of the rifle into evidence and the court's remarks thereon resulted in substantial prejudice to appellant is without merit.

Appellant also urges that the trial court's charge to the jury on conspiracy was erroneous in that it failed to tell the jury that each defendant's connection with the conspiracy must be established by independent proof based upon his own acts. Such an instruction is not required by law. See United States v. Nuccio, 373 F.2d 168, 173 (2d Cir. 1967). We find the trial court's instruction on conspiracy to have been correct.

Appellant's final claim that the trial court usurped the jury's function by pointing out the interest or lack of interest the various witnesses had in the outcome of the case is without merit.

Affirmed.