Jewell Greenberry WHITE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24674.

United States Court of Appeals
Fifth Circuit.

June 24, 1968.

* Tenney v. A. B. & W. Transit Co., 4 Cir., 364 F.2d 493.

Walter Wingfield, C. Ronald Ellington, Atlanta, Ga., for appellant.

Charles B. Lewis, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., for appellee.

Before JOHN R. BROWN, Chief Judge, BELL, Circuit Judge, and HOOPER, District Judge.

HOOPER, District Judge:

This is an appeal from a judgment of the United States District Court for the Northern District of Georgia sentencing appellant to thirty (30) months imprisonment upon the verdict of a jury finding him guilty of violating five (5) different Internal Revenue laws, four (4) of them being felonies and one (1) being a misdemeanor.

There are only two specifications of error, which are discussed below:

■ (1) Error is specified in that "the District Court erred in depriving appellant of his right to be represented by separate counsel." As to this alleged error the record discloses substantially the following:

Upon arraignment and in response to inquiry by the trial judge appellant White and one of his codefendants, McPherson, requested appointment of counsel, whereupon the Court appointed trial counsel to represent both defendants. Apparently no suggestion was made by anyone concerning any conflict of interest upon the part of counsel, which conflict later appeared under circumstances below discussed.

While upon the witness stand under cross-examination by defense counsel, T. W. Wilson testified that Mulkey, another defendant, had admitted ownership of the still in question and employment by him of both the appellant and McPherson, whereupon the following occurred:

"Q: Who owned the still?·

A: Franklin Mulkey stated to me in the presence of Mr. McPherson and Mr. White that he was the owner of the distillery and that he employed them at $1.50 a barrel to operate it for them."

Co-defendant McPherson while on the witness stand testified that he was not working at the still, but that appellant White was working at the still and was being paid by the barrel for liquor produced. Appellant's counsel did not move

for a mistrial or for other relief but proceeded with the trial of the case wherein McPherson was acquitted but appellant convicted on all five counts.

Although the trial judge was not requested to make a ruling this case falls within that class of cases where error should be noted by this Court regardless of that fact. See Hormel v. Helvering, Commissioner, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037(3) (1941).

In the instant case, however, the prejudice is apparent. When McPherson, seeking to absolve himself, sought to place all the guilt on appellant (his co-defendant), there was a duty on the part of appellant's counsel to cross-examine McPherson, and if possible, to impeach his testimony. This was a duty he could not possibly perform because McPherson was also his client.

■ No principle of law is more firmly established in our jurisprudence than the principle which proclaims that the assistance of counsel guaranteed by the Sixth Amendment to the Constitution contemplates that such assistance be unimpaired by a court order requiring the one lawyer to simultaneously represent conflicting interests. See Glasser v. United States, 315 U.S. 60, at p. 71, 62 S.Ct. 457, at p. 465, 86 L.Ed. 680, at p. 699 (1942). As stated by that court:

"The Constitution assures a defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed. Such representation is lacking, however, if counsel, unknown to the accused and without his knowledgeable assent, is in a duplicitous position where his full talents—as a vigorous advocate having the single aim of acquittal by all means fair and honorable—are hobbled or fettered or restrained by commitments to others." Porter v. United States, 298 F.2d 461 (5th Cir. 1962) citing many cases.

As therein pointed out the trial judge may not countenance the same but must take effective action just as

"* * * [T]he careful Judge below would have done had the facts been known at or before the commencement of the criminal trial." (P. 464)

See also Sawyer v. Brough, Warden, 358 F.2d 70 (4th Cir. 1966) wherein the court stated in part:

"Most assuredly we do not mean to impugn the integrity of court-assigned counsel, but there was no finding by the District Court that counsel was not handicapped in his representation of the two defendants by the conflict of interest. * * * It is not necessary that Sawyer delineate the precise manner in which he has been harmed by the conflict of interest; the possibility of harm is sufficient to render his conviction invalid." (See p. 73)

See also McKenna v. Ellis, Director, 280 F.2d 592 (5th Cir. 1960) and Lollar v. United States, 126 U.S.App.D.C. 200, 376 F.2d 243 (1957).

■ (2) As this case must be retried we must pass upon the contention of appellant that the trial judge erred in denying his motion for judgment of acquittal as to Count Three based on 26 U.S.C. § 5601(a) (7). That statute provides that any person who

"[M]akes or ferments mash, wort, or wash, fit for distillation, or for the production of distilled spirits"

under certain circumstances commits a crime. The violation of that statute is alleged in the indictment.

The question at issue is whether or not the terms "mash, wort, or wash, fit for distillation, or for the production of distilled spirits" including apples, which have been mashed (referred to sometimes as fruit pomace), provided the same are fit for distillation or production of spirits.

This fruit pomace in the instant case had fermented to the extent of having six per cent alcohol.

It is true that in almost all instances where the word "mash" is defined, the

definition contemplates a product made from some type of grain, and not fruit.[1]

Appellant cites the case of Griffin v. United States, 269 F.2d 903 (4 Cir. 1959) wherein defendant was charged with the offense of making mash fit for distillation, and the court ruled defendant was not guilty for it appeared that

"the peaches were freshly kerneled, and had not begun to ferment."

The court knew of no instance where the term mash had been applied

"to a fresh fruit, or a fruit pomace, intended for use in the manufacture of brandy."

The court pointed out that there was there involved

"freshly kerneled ripe peaches"

and that the

"defendants had done nothing which would make them distillers within the statutory definition."

The distinctions between that case and the instant case are readily apparent.

The legislative history of 26 U.S.C. § 5601(a) (7) would also indicate a Congressional policy to broaden rather than to narrow the term "mash."

In former years "distilled spirits" was a substance "which is commonly produced by the fermentation of grain, starch, molasses or sugar, including all dilutions and mixtures of this substance." See Sawyear v. United States, 27 F.2d 569, 571 (9 Cir. 1928).

Under the present statute (§ 5002(a)) the term "distilled spirits" includes whiskey, brandy, etc.

"from whatever source or by whatever process produced." See 26 U.S.C. § 5002(a) (6).

It is therefore our opinion after considering together the three statutes above cited (26 U.S.C. § 5601(a) (7), § 5002(a) (5) and § 5002(a) (6)) that it was the intent of Congress that the words "mash, wort, or wash" included not only fermentations of grain, but also fermentations of fruits, and therefore, the court did not err in refusing to sustain appellant's motion to enter a judgment of acquittal under Count Three.

(3) On another trial of this case we call attention of the trial judge to the many criticisms which have been made by this and other courts to the imposition of a single sentence covering several counts, even though the sentence given may not exceed the total of the maximum limits of sentences on all the counts. See Benson v. United States, 332 F.2d 288, 289(1), p. 292 (5th Cir.

---

[1]. In the case of Griffin v. United States, 269 F.2d 903 (4th Cir. 1959) the court gave a dictionary definition of mash as "crushed malt, or meal of rye, wheat, corn, etc., steeped and stirred in hot water to produce wort." The court said mash is "a mixture in which grain is a basic or essential ingredient," and the court knew of no instance in which the term mash had been applied "to a fresh fruit or a fruit pomace, intended for use in the manufacture of brandy."
In the case of Pack v. State, 116 Ore. 416, 241 P. 390, 392 (1925) the court stated:
"Webster gives the definition of mash when used in brewing and distilling as follows: Crushed malt, or meal of rye, wheat, corn, etc., steeped and stirred in hot water to form wort * * * wort, says he, is essentially a dilute solution of sugar, which by fermenting produces alcohol and carbon dioxide, the sweet infusion of malt which ferments and forms beer, hence any similar liquid in incipient fermentation. Wash he defines as a fermented wort from which spirit is distilled."
In the *Pack* case the complaint was based upon an Oregon statute which provided
"No mash, wort, or wash, fit for distillation or the manufacture of spirits, malt, fermented, alcoholic or other intoxicating liquors, shall be made * * *."
In that case the court ruled the peach mash fit for distillation and for manufacture of spirituous liquors was covered by the statute. That case is a distinct ruling supporting the Government's contentions in the instant case.
Other definitions of "mash, wort, or wash" are contained in Words and Phrases.

1964); McDowell v. Swope, 183 F.2d 856, at p. 858 (9th Cir. 1950), and cases cited therein.

The vice—and unacceptability—of a general sentence is strikingly revealed by recent decisions of the Supreme Court allowing prisoners to contest sentences not yet being served or service of which has been completed. For post-conviction review it is essential that the records show the precise sentence for each count. See Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; Peyton v. Rowe, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426.

This case is remanded to the District Court for a new trial in accordance with the above.

Reversed.