**John D. GILES a/k/a Johnny Cosack, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25461.**

United States Court of Appeals Fifth Circuit.

Oct. 9, 1968.

———◆———

Michael J. Salmon, Mobile, Ala., for appellant.

Don Conway, Asst. U. S. Atty., Mobile, Ala., Vernol R. Jansen, Jr., U. S. Atty., for appellee.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

Giles appeals from a conviction, by a jury, on five counts of (1) Possession of a letter containing a United States check for $190.50 stolen from the United States Mail, knowing the same to be stolen, in violation of Title 18, § 1708, U.S.C.; (2) Forging and endorsing the United States check in the amount of $190.50 to receive the proceeds, in volation of Title 18, § 495, U.S.C.; (3) Possession of a letter containing a United States check for $81.60 stolen from the United States Mail, knowing the same to be stolen, in violation of Title 18, § 1708, U.S.C.; (4) Forging and endorsing the United States check in the amount of $81.60 to receive the proceeds, in violation of Title 18, § 495, U.S.C.; (5) Uttering, passing and publishing a forged check in the amount of $81.60, in violation of Title 18, § 495, U.S.C.

He was sentenced to imprisonment for a period of two years on each count, to run concurrently.

The evidence for the prosecution, accepted by the jury, fully established the corpus delicti of the offenses charged and no error is to be found in the denial of defense motions for directed verdicts of not guilty. There was no error in the original denial of a severance, in admitting the testimony of those who cashed the checks, or in the instructions to the jury.

Before the government completed the presentation of its case in chief Giles' co-defendant, his half brother, McArthur, withdrew his plea of not guilty and entered a plea of guilty. The jury was not informed of this plea but was clearly advised that the co-defendant's case would be disposed of at another time and place. At this point, counsel who had been representing both, moved for a mistrial and for the appointment of new counsel on the ground that a conflict of interest would exist as to his continued representation of Giles after McArthur had pleaded guilty. Recognizing, as we do, the principles announced in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 [see also Kaplan v. United States, 9 Cir., 1967, 375 F.2d 895] this guilty plea eliminated any conflict of interest, if any had theretofore existed. In fact, it allowed Giles to put all the blame on his former co-defendant and permitted counsel to concentrate solely on his defense, without the complication of having to carry along the additional client-defendant. The record shows that Giles was the beneficiary of most competent representation both at the trial and on appeal.

Affirmed.