Clinton William **BAKER**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 28074

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1970.

Clinton William Baker, pro se.

Louis F. Ray, Jr., Pensacola, Fla., for appellant.

Earl Faircloth, Atty. Gen. of Florida, George R. Georgieff, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge.

■ This appeal from denial of habeas corpus raises the constitutional rights of the non-confessing defendant in a joint trial situation where the same court appointed counsel represented both indigent defendants, and where evidence of an oral post-conspiracy confession was introduced. The alleged confessor took the stand and denied he confessed. Appellant stresses the application of Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968), given retrospective effect in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L. Ed.2d 1100 (1968). While we are satisfied that there was no denial of the non-confessing defendant's right to be confronted with the witnesses against him, we are equally satisfied that we must reverse for lack of effective "Assistance of Counsel for his defence." [1]

On January 15, 1965, Clinton William Baker and his co-defendant, John Sydney Damron, were charged with robbery, kidnapping and false imprisonment of Walter Vernon Infinger. Four days later the State trial court appointed the Public Defender for the First Judicial Circuit of Florida to represent both Baker and Damron, who were adjudged insolvent by the Court. Both defendants pleaded not guilty to the charges and demanded a jury trial. On January 21, 1965 both Baker and Damron were jointly tried on the charges, both being solely and jointly represented at such trial by the same Public Defender. Both were convicted of robbery. The partial record before this Court does not show that Baker made objection to the appointment of joint counsel prior to or during the trial, nor was any motion for a severance shown.

During the course of the trial over objections that the initial arrest was improper, that Damron's confession was obtained by coercion and that no proper advice was given Damron as to his *Miranda*[2] rights, the court allowed four law enforcement officials to reiterate that Damron confessed to robbing Infinger. According to the testimony of two of these officers Damron told them Baker was the instigator of and a full participant in the commission of the robbery. In each instance the court conducted the required preliminary hearing on the admissibility of the confession in the absence of the jury[3] and, *sua sponte*, instructed the jury that Damron's statements were in no way binding on Baker and could not be considered as evidence against him. At the end of the trial a general instruction to this same effect was given to the jury.

This is the second appearance of this case in this Court. Baker previously was granted a writ of habeas corpus[4] to permit State Court review with the assistance of counsel.[5] On this review the First District Court of Appeals denied habeas corpus relief to Baker, stating:

"In light of the [Florida] Supreme Court's most recent decision on the issues involved in the case sub judice, we hold (1) that the trial court's action in appointing one attorney to jointly represent petitioner and his co-defendant in the trial of the criminal charge against him did not constitute fundamental error nor deprive him of any right guaranteed by the due process and equal protection clause of the

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I, and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part I.

2. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

4. Baker v. Wainwright, 391 F.2d 248 (5th Cir. 1968).

5. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

state and federal constitution; (2) that petitioner voluntarily waived his right to the appointment of separate counsel to represent him by failing to object to the appointment of joint counsel at the time the appointment was made; and, (3) it is incumbent on petitioner to sustain the burden of demonstrating by the record prejudice resulting from the court's appointment of joint counsel before failure to appoint separate counsel will be considered reversible error, which burden he has failed to carry on this appeal.

"We have considered the two remaining points urged by appellant for reversal but find them to be without substantial merit. There was no error in admitting into evidence the alleged extrajudicial confession of appellant's codefendant which tended to implicate appellant in view of the court's cautionary admonition to the jury that the confession could be considered only against the codefendant but not appellant. The confession would have been admissible and the same result would have followed even had appellant and his codefendant been represented by separate and independent counsel. The codefendant, by taking the witness stand and denying ever having made the oral confession testified to by the police officers, removed any valid objection by appellant to the admission of the confession, and absolved the court from any error in its ruling thereon." [6]

Relying on the Florida Appellate Court's ruling, the District Judge refused the writ.

The recent Florida Supreme Court case upon which the appellate court's holding was based held that every joint representation of co-defendants by the same attorney does not, standing alone,

automatically require reversal, and that in the absence of a request for separate counsel there is no reversible error "unless the record reveals that *some* prejudice results from the failure to appoint separate lawyers for each defendant." (Emphasis supplied) [7] We agree with the Florida Supreme Court's expositions, but respectfully disagree in part with the application of these generalizations to one in Baker's position as made by the appellate court and the court below. We therefore reach a contrary result.

## I. CONFRONTATION

■ As the Florida Court of Appeals held, Baker was not denied the right to be confronted with any witness against him. In James v. United States, 416 F. 2d 467 (5th Cir. 1969) this court upheld the conviction of a non-confessing joint defendant over a *Bruton* objection in a joint trial where the confessing defendant took the stand and was subject to cross-examination.[8] The only case we find where the confessing co-defendant took the stand and *Bruton's* rule was still applied is Bujese v. United States, 378 F.2d 719 (2nd Cir. 1967); vacated 392 U.S. 297, 88 S.Ct. 2064, 20 L.Ed.2d 1113 (1968); rev. 405 F.2d 888 (2d Cir.1969). In that case Bujese's co-defendant testified in their joint trial and, after being confronted with his written confession on cross-examination, admitted he had committed the robbery. The written confession implicated Bujese. Bujese called the confessing co-defendant as his witness and the confessor recanted that part of the confession implicating Bujese and swore Bujese had refused to participate in the robbery. The appeal from the affirmance of Bujese's conviction reached the Supreme Court at the same time *Bruton* was decided. They vacated the affirmance and remanded *Bujese* to the Court

---

6. Baker v. State, 217 So.2d 880 (Fla.App. 1969).

7. State v. Youngblood, 217 So.2d 98 (Fla. 1969).

8. The Ninth Circuit holds to the same view. Santoro v. United States, 402 F.2d

920 (9th Cir. 1968); Rios-Ramirez v. United States, 403 F.2d 1016 (9th Cir. 1968), cert. den. 394 U.S. 951, 89 S.Ct. 1292, 22 L.Ed.2d 486 (1969); Parker v. United States, 404 F.2d 1193 (9th Cir. 1968).

of Appeals for further consideration in the light of *Bruton* and that court, in a brief per curiam opinion reversed the judgment of conviction and granted Bujese a new trial. We decline to follow the rationale of that decision. Baker's right under the Sixth Amendment to be confronted with the witnesses against him was in no way denied in the case at bar because Damron took the stand and made himself subject to cross-examination by Baker. Indeed as the Attorney General of Florida contends, the most skillful cross-examiner could not have produced a better result for Baker than Damron's testimony that his entire confession had never been made and that neither he nor Baker robbed Infinger.[9]

## II. EFFECTIVE COUNSEL

However, resolution of the confrontation question does not end our inquiry. Baker also presents the issue of *Bruton's* effect where co-defendants are represented by the same court appointed attorney. It is this issue that requires reversal for a new trial. The classic in this area of the law is Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942). Its teachings are the basis for our holding here. Glasser, an attorney charged in a conspiracy action, objected when the court appointed his attorney, Stewart, to represent another defendant, Kretske, being tried jointly with Glasser. The appointment was nevertheless made. Glasser's conviction was reversed principally because the joint appointment deprived Glasser of effective counsel.

However, *Glasser* does not hold that the mere fact that a single attorney is appointed to represent two defendants in a joint criminal trial is ipso facto evidence of lack of effective counsel.[10] Some prejudice must be shown by one who would successfully object. But, since we hold that *Bruton's* post-trial retroactive impact on the case at bar created a definite conflict between the interests of the joint defendants at the instant that the prosecution introduced its evidence of Damron's implication of Baker, Baker did not have to produce any specific proof of prejudice resulting from this conflict because prejudice is self-evident. If counsel had not placed Damron on the witness stand, then he probably could have voided the trial as to Baker for in just such a situation *Bruton* says that the error in admitting the confession could not be cured as to Baker even by direct instructions to the jury to disregard it as to Baker's case. This probability became a certainty in this case because we are unable to say that the other, valid evidence of Baker's guilt substantial as it was, was so overwhelming that, beyond a reasonable doubt, the confessory implication was harmless. When a defense counsel has it within his power to void a proceeding against his client and, because of his representation of another is not completely free to exercise this power, he most assuredly has a directly conflicting interest.[11] When he resolved this conflict in favor of putting Damron on the stand, Baker was prejudiced.[12]

9. The Supreme Court has made it clear that *Bruton* does not lay down an absolute rule requiring reversal wherever such confessions have been admitted. In Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), it held that where other evidence of guilt is so overwhelming that the court can say beyond a reasonable doubt the *Bruton* error was harmless, it can be ignored. See also United States v. Mobley, 421 F.2d 345 (5th Cir. 1970).

10. Curry v. Burke, 404 F.2d 65 (7th Cir. 1968); Watkins v. Wilson, 408 F.2d 351 (9th Cir. 1969); Fields v. United States,

408 F.2d 885 (5th Cir. 1969); cf. Giles v. United States, 401 F.2d 531 (5th Cir. 1968) and White v. United States, 396 F. 2d 822 (5th Cir. 1968). Prejudice will not be presumed. United States v. Cashio, 420 F.2d 1132 (5th Cir. 1969).

11. Porter v. United States, 298 F.2d 461 (5th Cir. 1962); Randazzo v. United States, 339 F.2d 79 (5th Cir. 1964); White v. United States, 396 F.2d 822 (5th Cir. 1968).

12. It might be helpful to add at this point that we would not hold that prejudice as to Damron is self-proving. He took

Fourteen years ago Judge Franks suggested in his dissent in United States v. Delli Paoli, 229 F.2d 319 (2d Cir. 1956), a case where the confessing co-defendant and the appellant were represented by separate counsel and their separate interests had been continuously stressed throughout the trial, that a severance should be the price for reception of a post-conspiracy admission as the only sure course to avoid a constitutional deficit as to the non-confessor. The Supreme Court of the United States did not then agree and *Delli Paoli* was affirmed.[13] This changed completely when *Delli Paoli* was expressly overruled in *Bruton* and Judge Frank's dissent became tellingly prophetic for the case at bar, highlighting as it does the serious conflict of interest faced by joint counsel in post-conspiracy confession cases.

We were foreclosed from any inquiry as to whether the prejudice to Baker was sufficient to cause him to lose his case by *Glasser* when the Supreme Court said: [14]

"To determine the precise degree of prejudice sustained by Glasser as a result of the court's appointment of Stewart as counsel for Kretske is at once difficult and unnecessary. The right to have assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial. * * * Our examination of the record leads to the conclusion that Stewart's representation of Glasser was not as effective as it might have been if the appointment had not been made. We hold that the

court thereby denied Glasser his right to have the effective assistance of counsel, guaranteed by the Sixth Amendment." [15]

Basically a trial is an orderly search for truth and the truth at issue in Baker's trial was whether he participated in the commission of the crime with which he was charged. Under our accusatory system the State of Florida had the burden of proving this truth beyond a reasonable doubt. Our holding here will not interfere with any fair means by which this burden is carried. When Florida chose to try the indigents, Damron and Baker, in a joint trial and to meet the Constitution's demand that both men be furnished with effective assistance of counsel by supplying only one attorney to serve them both, it had to forego the interjection of evidence that one defendant's confession had implicated them both. The State still retains the alternative of trying defendants represented by the same court appointed counsel in separate trials or of not adding evidence to the scales against one in the form of the alleged implicating confession of the other.

### III. WAIVER

We assume that no objection was made by Baker to the appointment of joint counsel at the time of such appointment, and we know that a constitutional right may be waived. However, such a waiver is not to be lightly inferred—it must be shown to have been knowingly, voluntarily and intentionally made.[16]

the stand and placed the credibility of his denial against the credibility of the testifying officers. The conflict was resolved in Damron's favor. Thus without other evidence, we cannot say he was deprived of effective counsel. Only if the choice had been made to keep Damron off the stand to give Baker the best possible case, would Damron's rights have been violated. Cf. Fields v. United States, supra, N. 10.

13. Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957).

14. 31 U.S. 60, 75, 62 S.Ct. 457, 467, 86 L.Ed. 680.

15. See also United States v. Gougis, 374 F.2d 758 (7th Cir. 1967).

16. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962) ; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ; cf. Lollar v. United States, 376 F.2d 243 (D.C. Cir. 1967), which held under the terms of the Criminal Justice Act that a federal

■ When it is recalled that this proceeding was tried before *Bruton*, it becomes apparent to us that even the most accomplished student of the law could not have made a knowing intentional waiver of the right to effective counsel. Baker's then extant rights regarding Damron's confessory implicating statement were still undeclared. Thus Baker's failure to object could not constitute a waiver of his right to the appointment of effective counsel under the circumstances here present. We intimate no opinion in a situation where no objection is made to appointment of joint counsel after the defendants are advised of the prosecution's intention to offer a post conspiracy confession and the possible consequent conflict of interest which could occur. That is not this case.

Baker is entitled to be tried with the assistance of effective counsel for his defense. We reverse and remand to the district court with instructions to grant the writ of habeas corpus subject to the right of the State of Florida to retry Baker within a reasonable time. In connection with the right of retrial, the District Court may impose such terms upon the granting of said writ as it may determine to be just.

Reversed and remanded.

defendant must be advised of the problems that could arise from joint representation. See also United States v. Auerbach, 420 F.2d 921 (5th Cir. 1969).