**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Daniel Edmund SILVERS and Marcus A.
Tudela, Defendants-Appellants.**

No. 27039
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 12, 1970.

G. Milton Rubin, North Miami Beach, Fla. (Court-appointed), for Daniel Edmund Silvers.

George Schwartz, Miami Beach, Fla. (Court-appointed), for Marcus A. Tudela.

Robert W. Rust, U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, THORNBERRY and CLARK, Circuit Judges.

## PER CURIAM:

■ Marcus A. Tudela and Daniel Edmund Silvers were jointly convicted of conspiracy to import marijuana into the United States contrary to law.[1] Silvers, individually, was convicted of violating the same statute. Tudela, individually, was convicted of transporting or concealing untaxpaid marijuana in violation of federal law.[2] Under the decision in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the joint conviction of Silvers and Tudela under the conspiracy count (Count III), and the individual conviction of Silvers for unlawful importation of marijuana (Count I) must be reversed and remanded and the conviction of Tudela for the unlawful transportation or concealment of marijuana (Count II) must be reversed and rendered.[3]

■ After instructing the jury and excusing them to take exceptions from counsel, the court below recalled the jury and gave them one further instruction which consisted solely of a reading of the words of the § 176a statutory presumption which Leary expressly condemned. Thus the condemned presumption was not only used, but used under circumstances calculated to heighten its impact in the jury's mind. However, Leary condemned only the use of the invalid presumption in the trial process. It did not hold that § 176a was invalid per se. Counts I and III validly charge activity proscribed by law. This cause must be remanded as to both defendants for a retrial on these counts without the interjection of this presumption.

■ Prior to trial, Tudela moved to dismiss the individual count (Count II) charging unlawful transportation or concealment of marijuana, on the grounds that rendering him liable for the transfer tax necessary to legitimize this action would violate his rights under the Fifth Amendment of the Constitution of the United States. This motion was denied. He clearly did not waive his protection against self-incrimination. The subsequent decision in Leary therefore invalidates his conviction and requires the dismissal of this count.

■ Silvers filed a formal motion for a severance which he first withdrew, then renewed on the day before the trial. The same was overruled. He now makes the point in this court that the failure to grant this last minute severance was error under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). We disagree. Tudela took the stand in this case and was fully subject to cross-examination regarding any testimony which might implicate Silvers.

---

1. 21 U.S.C.A. § 176a (1961)

2. 26 U.S.C.A. § 4744(a) (2) & § 4741(a) (1967)

3. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I; and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part I.

The defendants were represented by separate counsel.[4]  If on retrial, severance is again suggested, that motion will be committed to the sound discretion of the trial judge.

Reversed and remanded as to Counts I and III;  reversed and rendered as to Count II.

4.  Cf. Baker v. Wainwright, 422 F.2d 145 (5th Cir. 1970).