Arthur **HOLLAND** #68746, Petitioner,

v.

C. **Murray HENDERSON**, Warden, Louisiana State Penitentiary, Angola, Louisiana, Respondent.

**Misc. No. 1683.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Sept. 11, 1970.

John V. Baus, Jones, Walker, Waechter, Poitevent, Carrère & Denègre, New Orleans, La., for petitioner.

Louise Korns, Dist. Atty., New Orleans, La., for respondent.

CASSIBRY, District Judge:

Arthur Holland petitions this court for a writ of habeas corpus, seeking his release from the Louisiana State Penitentiary at Angola on the ground that his conviction in state court of armed robbery was obtained in violation of the Constitution. Holland's pursuit of state remedies has been unsuccessful;[1] the case is therefore a proper one for this court. 28 U.S.C. §§ 2241(c)(3), 2254.

---

1. Holland has been unsuccessful in challenging his conviction by direct appeal to the Louisiana Supreme Court and by application for a writ of habeas corpus to both the Criminal District Court for the Parish of Orleans and the Louisiana Supreme Court. There has been no contention that he has not exhausted his state remedies.

In his petition and brief to this court, Holland alleges that:

(1) He was denied the right to confront and cross-examine a witness against him, in violation of the Sixth and Fourteenth Amendments;

(2) He was denied effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments;

(3) He was prejudiced by the introduction of inadmissible evidence of a crime other than that for which he was being tried;

(4) A pistol introduced into evidence against him was the result of an unlawful search and seizure, in violation of the Fourth and Fourteenth Amendments;

(5) He was not timely informed of the charges against him, in violation of the Sixth and Fourteenth Amendments;

(6) He was not advised beforehand that the State of Louisiana would use a confession; and

(7) In-court identifications were products of an illegal lineup, conducted in violation of the Sixth Amendment.

The salient facts as disclosed by the state court record are as follows:

On January 24, 1967, Arthur Holland, Herman Wallace and John Thompson were each charged by bill of information with four counts of armed robbery in connection with a robbery of Hilda's Jazz Bar which occurred on January 8, 1967. All three were tried together and found guilty on each of the four counts. Petitioner Holland was subsequently sentenced to serve 50 years at hard labor on each count, the sentences to run concurrently.

On January 13, 1967, there was an armed robbery of the National Bank of Commerce in New Orleans, with which robbery the same three defendants were charged. Petitioner's co-defendants, Wallace and Thompson, pleaded guilty to that robbery and were sentenced. Petitioner Holland went to trial, in Federal Court, and was acquitted of the N.B.C. robbery on May 7, 1967.

The state's trial of the threesome for the robbery of Hilda's Jazz Room took place on April 24–25, 1967. All three defendants were represented by the same attorney. During that trial only one of the defendants, Wallace, took the stand (in an effort to establish an alibi). In order to impeach Wallace, the assistant district attorney cross-examined him regarding the N.B.C. robbery. Wallace freely admitted committing that robbery, but said that only he and Thompson had been involved. The prosecutor then confronted Wallace with a prior signed statement which implicated Holland in the N.B.C. robbery. Wallace admitted the statement and signature as his, but maintained that those portions of the statement implicating Holland were false (allegedly forced by a police whipping).

In Baker v. Wainwright, 422 F.2d 145 (1970), the Fifth Circuit was faced with a habeas corpus petition by a state prisoner under similar circumstances. Baker had been tried with a co-defendant and both had been represented by the same court-appointed counsel. There was no objection to appointment of joint counsel prior to or during the trial, nor was any motion for a severance made. A confession of the co-defendant was admitted which inculpated Baker. The co-defendant took the stand and denied he confessed. The trial judge admonished the jury not to consider the confession as against Baker. Both defendants were convicted. The Fifth Circuit reversed the district court, which had denied the writ, and held that although Baker was not denied the right to confront a witness against him, he was denied the effective assistance of counsel.

The Court in *Baker* premised its holding on Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the classic case in this area of law. The Fifth Circuit explained that:

" * * * *Glasser* does not hold that the mere fact that a single attorney is appointed to represent two de-

fendants in a joint criminal trial is ipso facto evidence of lack of effective counsel. Some prejudice must be shown by one who would successfully object. But, since we hold that *Bruton's* [Bruton v. United States, 391 U. S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)] post-trial retroactive impact on the case at bar created a definite conflict between the interests of the joint defendants at the instant that the prosecution introduced its evidence of Damron's implication of Baker, Baker did not have to produce any specific proof of prejudice resulting from this conflict because prejudice is self-evident. If counsel had not placed Damron [Baker's co-defendant] on the witness stand, then he probably could have voided the trial as to Baker for in just such a situation *Bruton* says that the error in admitting the confession could not be cured as to Baker even by direct instructions to the jury to disregard it as to Baker's case. This probability became a certainty in this case because we are unable to say that the other, valid evidence of Baker's guilt, substantial as it was, was so overwhelming that, beyond a reasonable doubt, the confessory implication was harmless. When a defense counsel has it within his power to void a proceeding against his client and, because of his representation of another is not completely free to exercise this power, he most assuredly has a directly conflicting interest. When he resolved this conflict in favor of putting Damron on the stand, Baker was prejudiced." Baker v. Wainwright, supra, 422 F.2d at 148.

 Clearly, petitioner Holland was similarly deprived of his right to effective assistance of counsel in this case. His attorney knew that co-defendant Wallace had made a prior statement which implicated Holland in the N.B.C. robbery. He also surely knew that if he put Wallace on the stand to establish an alibi, the prosecution was certain to use that prior statement to impeach Wallace's credibility. Trial counsel was placed on the horns of a dilemma, i. e., whether to put Wallace on the stand in an attempt to establish an alibi, allegedly his only defense, or whether to keep Wallace off the stand in order to protect Holland against implication in another crime. Once the decision to place Wallace on the stand was made, Holland was prejudiced. Baker v. Wainwright, *supra*, 422 F.2d at 148.

 Additionally, there is other evidence that Holland was denied effective assistance of counsel. Once Wallace was placed on the stand and subjected to cross-examination by the State through the use of a prior statement relating to another crime, trial counsel did not and could not effectively act to protect Holland's rights. Also, in his opening statement trial counsel stated that the defense of all three defendants was that "they were at home in bed at the time of this robbery." Yet only Wallace was placed on the stand to establish such an alibi. No effort was made to establish an alibi for Holland even though it was supposedly his only defense. Indeed, a reading of the state court transcript convincingly shows that trial counsel's efforts were directed principally toward defense of Wallace.

 This court recognizes that joint representation is not error per se. The Fifth Circuit has interpreted "effective" counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render, and rendering, reasonably effective assistance. Brown v. Beto, 377 F.2d 950 (1967). But where, as in this case, there arises such a serious and obvious conflict of interest between co-defendants that it prevents their singular attorney from rendering effective assistance to both, then this court holds that in the absence of an intelligent waiver joint representation results in denial of substantial rights protected by the Sixth and Fourteenth

Amendments. Baker v. Wainwright, *supra*.

Of course, *Baker* is not exactly our case. There are two distinctions worth considering. In *Baker* the co-defendants were represented by court-appointed counsel, while here there is a dispute as to whether or not trial counsel was court-appointed.[2] Also, in *Baker* the out-of-court statement implicated Baker in the crime for which he was being tried, while in our case Holland was implicated in another crime. But to me these are distinctions without a difference.

■ Where a defendant has been denied effective assistance of counsel it does not matter, in the absence of a knowledgeable waiver, whether his counsel was court-appointed or privately employed. "The prejudice to a defendant from the failure to have the effective assistance of counsel results whether counsel is court appointed or selected by the accused." Craig v. United States, 217 F.2d 355, 359 (6th Cir. 1954); Cf. Larry Buffalo Chief v. State of South Dakota, 425 F.2d 271, 279 (8th Cir. 1970).

> " * * * The Constitution assures a defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed. Such representation is lacking, however, if counsel, unknown to the accused and without his knowledgeable assent, is in a duplicitous position where his full talents—as a vigorous advocate having the single aim of acquittal by all means fair and honorable—are hobbled or fettered or restrained by commitments to others." [Citations omitted]. Porter v. United States, 298 F.2d 461, 463 (5th Cir. 1962); cf. White v. United States, 396 F.2d 822, 824 (5th Cir. 1968).

Trial counsel's position "as a vigorous advocate having the single aim of [Holland's] acquittal" was seriously compromised by the fact that he also represented co-defendant Wallace. There is no evidence that Holland knowledgeably or intelligently waived his constitutional right to effective counsel.

We realize that where a possible conflict of interest is pointed out to an accused and the accused then makes an intelligent and intentional waiver, he cannot later complain."

\* \* \* \* \* \*

"[We are] not setting up a definite rule that each co-defendant must be independently represented in each case, but only that an informed decision should be made by the accused as to his representation." Larry Buffalo Chief, *supra*, 425 F.2d at 280; cf. Campbell v. United States, 122 U.S. App.D.C. 143, 352 F.2d 359 (1965).

Finally, the introduction of evidence of another crime was nearly if not just as prejudicial and harmful to Holland's defense as would have been evidence of his participation in the crime being tried. "It is hornbook that, absent a requirement of showing system or intent, evidence of offenses not charged in the indictment is not only inadmissible, but prejudicial if admitted." Helton v. United States, 221 F.2d 338, 340 (5th Cir. 1955). Cf. United States v. Jacangelo, 281 F.2d 574, 576, 577 (3rd Cir. 1960). Moreover, I think the error in this case was especially prejudicial because Holland was in fact acquitted of the N.B.C. robbery and because the trial judge made no attempt to limit the effect of the prejudicial statement by admonishing the jury. (This is not to say that such an admonishment would have been sufficient; see Bruton v.

---

2. Petitioner contends that counsel was hired by Wallace's family and that at their first appearance in court counsel agreed, at the judge's request, to represent all three defendants. The State, on the other hand, contends that trial counsel was privately employed by the threesome. The state court record filed in this proceeding does not settle the dispute. But, as discusesd *infra*, whether or not trial counsel was court-appointed is of no moment in this case.

United States, *supra.*) Just as was Judge Bell, specially concurring in Odom v. United States, 377 F.2d 853, 861 (5th Cir. 1967), " * * * I am satisfied that the testimony was prejudicial to the extent that it may have had substantial influence on the jury, or at least I am left in grave doubt as to the proposition." [3]

■ There is no need to determine the precise degree of prejudice sustained by Holland because "[t]he right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." *Glasser, supra,* 315 U.S. at 76, 62 S.Ct. at 467. I hold, therefore, that petitioner Holland was denied his right to have the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments.[4]

## ORDER

The Writ is sustained. Unless, within ten (10) days from the date of this Order the State on its own motion vacates the judgment of conviction, reinstates petitioner's plea of not guilty, and schedules a retrial within sixty (60) days from the date of this Order, the petitioner shall be discharged from custody. Heyd v. Brown, 406 F.2d 346 (5th Cir. 1969).

---

3. In answer to the State's contention of harmless error, the Fifth Circuit has noted that "Mr. Justice Harlan in Boyd v. United States, supra, 142 U.S. [450] at page 458, 12 S.Ct. [292] at page 295, [35 L.Ed. 1077] must have had a case like this in mind when he wrote, 'However depraved in character, and however full of crime their past lives may have been, the defendants were entitled to be tried upon competent evidence, and only for the offense charged.' " Helton, supra, 221 F.2d at 342.

4. Petitioner's claim that a pistol introduced into evidence was seized in violation of the Fourth and Fourteenth Amendments has not been considered because the record filed in this proceeding is insufficient in that respect. Because the denial of effective assistance of counsel requires that the writ be granted, it is unnecessary for this court to have an evidentiary hearing concerning the seizure of the pistol. If the State decides to retry the petitioner his counsel will have an opportunity to urge this claim by motion to suppress.

Since it is unlikely that the other grounds raised by petitioner will reoccur at a new trial, it is not necessary to consider them now.