Arthur **HOLLAND**, Petitioner-Appellee,

v.

C. Murray **HENDERSON**, Warden, Respondent-Appellant.

No. 30770.

United States Court of Appeals, Fifth Circuit.

May 8, 1972.

Rehearing Denied July 13, 1972.

---

24. Lowenstein v. Newark Board of Education, 33 N.J. 277, 290, 163 A.2d 156, 162 (1960).

Louise Korns, Asst. Dist. Atty., New Orleans, La., for respondent-appellant.

John V. Baus, James R. Murrell, III, New Orleans, La., for petitioner-appellee.

Before TUTTLE, BELL and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This appeal is from a statistically rare event—the granting of a writ of habeas corpus on behalf of a state prisoner. It presents some of the grave problems arising out of joint trials and an attorney's dual representation of criminal defendants whose interests are potentially in conflict.

■ The district court, Holland v. Henderson, 317 F.Supp. 438 (E.D., La., 1970), found that Holland and a co-defendant Wallace were jointly tried for the armed robbery of Hilda's Jazz Bar. By the date of the trial Wallace, who had been involved in a separate robbery at the National Bank of Commerce of New Orleans, had confessed to the bank robbery and implicated Holland in that affair. Wallace and Holland were jointly represented by the same attorney. Wallace, who had retained the attorney, asserted an alibi defense to the robbery of Hilda's Jazz Bar. His attorney, in opening argument, to the jury, stated that both Wallace and Holland would rely solely on alibi defenses. The record of the state court proceeding reveals that the entire defense consisted of Wallace and another testifying to Wallace's alibi.

The district court found appellee Holland had been deprived of the effective representation by counsel, when at his trial for the Hilda robbery his attorney elected to establish Wallace's alibi to his detriment. Relying on Baker v. Wainwright, 422 F.2d 145 (5th Cir., 1970), cert. den. 399 U.S. 927, 90 S.Ct. 2243, 26 L Ed.2d 794, the district court held:

"Clearly, petitioner Holland was similarly deprived of his right to effective assistance of counsel in this case. His attorney knew that codefendant Wallace had made a prior statement which implicated Holland in the N.B.C. robbery. He also surely knew that if he put Wallace on the stand to establish an alibi, the prosecution was certain to use that prior statement to impeach Wallace's credibility. Trial counsel was placed on the horns of a dilemma, i. e., whether to put Wallace on the stand in an attempt to establish an alibi, allegedly his only defense, or whether to keep Wallace off the stand in order to protect Holland against implication in another crime. Once the decision to place Wallace on the stand was made,

Holland was prejudiced. Baker v. Wainwright, *supra*, 422 F.2d at 148.

"Additionally, there is other evidence that Holland was denied effective assistance of counsel. Once Wallace was placed on the stand and subjected to cross-examination by the State through the use of a prior statement relating to another crime, trial counsel did not and could not effectively act to protect Holland's rights. Also, in his opening statement trial counsel stated that the defense of all three defendants was that 'they were at home in bed at the time of this robbery.' Yet only Wallace was placed on the stand to establish such an alibi. No effort was made to establish an alibi for Holland even though it was supposedly his ownly defense. Indeed, a reading of the state court trancript convincingly shows that trial counsel's efforts were directed principally toward defense of Wallace."

Appellant and the State of Louisiana submit that as long as joint trials are permitted there was no constitutional infirmity committed in Holland's trial. The state argues that Wallace's only defense was that he was in bed asleep at the time the Hilda robbery was committed. Even with separate counsel for Holland, they argue, Wallace would have taken the stand to claim an alibi and would have admitted possession of the pistols used in the bank robbery and, therefore, implicated Holland on cross-examination. The record reveals that Wallace was cross-examined about prior inconsistent accounts of the bank robbery which did implicate Holland in that crime, but that from the stand Wallace recanted that portion of his prior statements which implicated Holland.

Appellant's statement of the case attempts to invoke the first part of our *Baker* opinion holding that under similar circumstances Baker had not been denied the right to confront a witness against him when a portion of his co-defendant's confession inculpating him was denied by its maker. In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that a nonconfessing co-defendant's conviction must be set aside when the jury considering his and his co-defendant's fate was permitted to hear an account of the co-defendant's confession implicating him. The holding there was presaged upon the defendant's rights to confront witnesses against him. Speaking of *Bruton*, the Supreme Court in Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971), further refined its holding:

"The Constitution as construed in *Bruton*, in other words, is violated *only* where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for 'full and effective' cross-examination." 402 U.S. at 627, 91 S.Ct. at 1726.

Here, as in *O'Neil*, the declarant took the stand and denied the statement inculpating Holland. The Supreme Court in *O'Neil* phrased the issue at bar in the following terms:

"The question presented by this case, then, is whether cross-examination can be full and effective where the declarant is present at the trial, takes the witness stand, testifies fully as to his activities during the period described in his alleged out-of-court statement, but denies that he made the statement and claims that its substance is false."

Under the facts of the case the Supreme Court answered in the affirmative:

"The short of the matter is that, given a joint trial and a common defense, Runnels' testimony respecting his alleged out-of-court statement was more favorable to the respondent than any that cross-examination by counsel could possibly have produced, had Runnels 'affirmed the statement as his.' It would be unrealistic in the extreme in the circumstances here presented to hold that the respondent was denied either the opportunity or the benefit of full and effective cross-examination of Runnels.

"We conclude that where a codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no right protected by the Sixth and Fourteenth Amendments."

Like *Baker* and *O'Neil*, Holland would not have been denied his rights under the confrontation clause if the declarant was subject to a full and effective cross-examination. Here, however, as in *Baker, supra*, Holland was denied that type of cross-examination due to the duality of representation afforded by his counsel. The record of the state court proceeding indicates that Wallace proffered an alibi defense in two components. He testified to being abed at the time of the Hilda robbery, and testified to his part in the bank robbery in an attempt to explain the pistols found when he was arrested. On cross-examination he admitted that he had previously confessed to the National Bank of Commerce robbery, but that portion of the confession which implicated Holland he recanted.

In corroboration of Wallace's bedroom alibi, he called on the testimony of his paramour, Sharon Keiffer. On cross-examination Keiffer, who was also under suspicion in the bank robbery, affirmed her prior statement about that robbery, which also implicated Holland. Neither Wallace nor Keiffer were cross-examined by an attorney aligned with Holland's interests. Nor was the jury instructed as to the limited purposes to which these statements were permissibly directed under Louisiana law. Louisiana R.S. § 15:495, see State v. Perkins, 248 La. 293, 178 So.2d 255, 257 (1965) and cases cited therein.

After consideration of the arguments, we affirm the district court. The duality of the representation afforded Holland was nothing more than the pro forma entry of an appearance as counsel. Effective counsel does not mean errorless counsel, but in the context of joint representation and inculpatory statements otherwise inadmissible to a particular defendant, the effectiveness of counsel must square with the court's reliance on counsel's engaging in full and effective cross-examination, Nelson v. O'Neil, *supra*; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and the bar's reliance on his ethical sense to suggest employment of separate counsel. Notes on Professional Ethics, 55 Am.Bar/J. 262, March 1969; Note-Criminal Co-defendants and the Sixth Amendment: The Case for Separate Counsel, 58 Geo.L.J. 369. A defendant may knowingly waive his right to separate counsel just as he may knowingly waive the assistance of any counsel, but where an attorney undertakes joint representation and foresees, or should have foreseen, conflicting duties to his clients, he *must* suggest separate counsel and make a sufficiently full disclosure of the conflict that his clients may knowingly waive their right to counsel. Here counsel's failure in this duty, regardless of whether he was retained or appointed, was especially pernicious. *Accord*, United States v. Pinc, 452 F.2d 507 (5th Cir., 1971).

The judgment of the district court is affirmed. The mandate shall issue instanter.