**Henry (Pony) HAROLD, Petitioner,**

**v.**

**C. Murray HENDERSON, Warden Louisiana State Penitentiary, Respondent.**

**Civ. A. No. 73-3343.**

United States District Court, E. D. Louisiana.

Aug. 9, 1974.

Henry Harold, in proper person.

ALVIN B. RUBIN, District Judge:

This matter was first brought before the court in December, 1973, when, in his petition for habeas corpus relief, Harold contended, *inter alia*, that his plea of guilty in state court to a charge of aggravated rape should be set aside because of the ineffective assistance of his retained counsel. Harold had previously sought relief from the state court in November, 1972, and had obtained an evidentiary hearing on a petition for habeas corpus. That petition raised the question of the voluntariness of Harold's pleas and, at the hearing, some evidence of the effectiveness of his counsel was introduced. After hearing the evidence the state trial judge denied the petition, finding that the plea was knowingly and voluntarily entered with the advice of counsel. The Louisiana Supreme Court denied Harold's subsequent application for a writ of habeas corpus.

Since its filing in this court, Harold's petition has been the subject of three reports by the United States Magistrate and two minute entries by the court. The focus of all of these efforts was an attempt to determine whether Harold's asserted violation of his right to be effectively represented by counsel[1] was afforded a full and fair hearing in the state court. "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." Townsend v. Sain, 1963, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770. See 28 U.S.C. section 2254(d)(2) and (3).

But the power of a federal court to grant a writ of habeas corpus sought by a state prisoner is not one to be exercised lightly or without proper regard for federal-state relations.

"There is a strong federal policy to the effect that federal courts should not unduly or prematurely interfere with state court proceedings and that state courts having adequate post con-

[1] "The Constitution assures a defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed." Porter v. United States, 5 Cir. 1962, 298 F.2d 461; Holland v. Henderson, 5 Cir. 1972, 460 F.2d 978.

viction remedies should be afforded the first opportunity to pass upon constitutional attacks upon state convictions. . . . Such a policy minimizes state resentment against federal interference with state criminal convictions and in addition relieves federal courts of the burden of conducting hearings which properly should be handled by the state courts." Mayes v. Sigler, 8 Cir. 1970, 428 F.2d 669, 671. (Citations omitted.)

This principle of comity is commonly referred to as the doctrine of exhaustion of state remedies. See generally U. S. ex rel. Cleveland v. Casscles, 2 Cir. 1973, 479 F.2d 15; Mobley v. Smith, 5 Cir. 1971, 443 F.2d 846; Milton v. Wainwright, 5 Cir. 1968, 396 F.2d 214; Williams v. Missouri, W.D.Mo.1970, 317 F. Supp. 338.

■ The application of the doctrine of exhaustion must not set a bureaucratic maze in front of a hapless petitioner; but whether incarceration of a convicted person by the state is a violation of his constitutional rights is, in the first instance, a matter for determination by the state court. Where there is no showing or presumption that, given the opportunity and the evidence, the state court will not deal fairly and fully with an application for relief, the federal judiciary must stay its hand while the state processes are allowed to operate.

Harold's petition here, as well as his supplemental "traverse" to the magistrate's order, while again raising the issue that his guilty plea was involuntary, presents in more direct fashion the issue of ineffective representation of counsel than that filed in state court. His state hearing was, as noted above, directed primarily to the plea issue, touching on the counsel issue only as it related to the plea matter. And while the question of competence of counsel may demand an inquiry into the advice given a client with respect to a plea of guilty, it raises many more questions such as whether witnesses were sought out and interviewed, discussions held with the client and pretrial motions filed, to name only

a few. The court is aware that some of these questions were touched upon at the state hearing. But any incidental inquiry that tribunal may have made into the counsel issue was limited by the assertion of the attorney-client privilege, first by Harold's attorney, later by one of his former attorneys, and finally by Harold himself. This inevitably prevented the presentation of evidence concerning what the lawyer who represented Harold knew, what he did, and whether his legal services met the minimum standard for competence. The Fifth Circuit Court of Appeals has only recently spoken directly to this issue:

"The governing standard is reasonably effective assistance. One method of determining whether counsel has rendered reasonably effective assistance is to ask whether the proceedings were a farce or mockery. The farce-mockery test is but one criterion for determining if an accused has received the constitutionally required minimum representation (reasonably effective assistance). One may receive ineffective assistance of counsel even though the proceedings have not been a farce or mockery." (Citations omitted.) Herring v. Estelle, 5 Cir. 1974, 491 F.2d 125.

■ The court now understands that, pursuant to its June 6 minute entry, Harold is willing to waive the privilege, as he must if there is to be a fair examination of the facts surrounding the counsel issue. Undoubtedly the waiver will bring additional evidence to light that will bear on the representation issue, evidence heretofore unavailable to the state trier of fact. The probability of this new evidence, coupled with the fact that the issue of competent counsel has not been squarely placed before state courts, requires this court to return the matter to the state. "[E]vidence on a new subject, or clearly crucial to the claim, should first be presented to the state if the exhaustion rule is to be an effective one." Developments in the Law: Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1096 (1970). See

Mobley v. Smith, *supra;* U. S. ex rel. Ward v. Deegan, S.D.N.Y.1970, 310 F. Supp. 1076; Richardson v. Swenson, W. D.Mo.1968, 293 F.Supp. 275.

In its June 6 entry this court said that, should it be discovered that the state court had failed to develop all of the relevant facts in this matter before it denied Harold's petition, a hearing here would be appropriate. But it is now evident that the state court did *not* in fact pass judgment on the effectiveness of counsel issue except as it touched upon other issues, for it was not called upon to do so. It is only after that question has first been placed directly before the state courts in a manner such that they may have the opportunity to examine it in its entirety that this court should consider the matter. 28 U.S.C. section 2254.

Accordingly, this matter is dismissed without prejudice pending the outcome of any state proceedings petitioner may now seek to initiate.[2]

Clifford Tuttle, Jr., Pittsburgh, Pa., for Drager.

Craig R. MacKay, Pittsburgh, Pa., Asst. U. S. Atty., for United States Attorney.

---

2. Louisiana law does not prevent a prisoner from filing more than one petition for habeas corpus relief in the state courts. See L.S.A.–C.Cr.P. art. 353 comment (d): "The

provisions in this Code *per se* place no limitation on the number of times the writ may be issued."